GEORGE BRUCE, TO THE USE OF REUBEN PULLIS, Respondent, *v.* WILLIAM M. SIMS *et al.*, Appellants.

*Witness—Conveyance.*—The grantor or vendor of property is not a competent witness to alter, change, or qualify the effect or terms of the instrument of conveyance.

*Practice—Pleadings—Trial.*—A party cannot be permitted at the trial to contradict the facts as set up by his pleading.

*Appeal from Montgomery Circuit Court.*

*Howell, Ricketts* and *Hardin*, for respondent.

The instructions given and refused were as follows:

1. Fraud cannot be presumed, but must be proven to the satisfaction of the jury.

2. If the jury find for the plaintiff, they ought to assess his damages at the value of said slave at the time of the seizure of the same under the executions, and also allow him interest, as damages on said value, at the rate of six per cent. per annum, from the day of such seizure to this date.

3. Although the jury may believe that Davis, at the time he sold said slave to Pullis, did so with the intent to hinder, delay and defraud his creditors, yet the jury ought not, for that reason, to find against plaintiff, unless they are satisfied from the evidence that the plaintiff joined and concurred with Davis in such intent. And the court granted the same, as prayed for by the plaintiff; to which ruling of the court, in granting the same, the defendant objected and excepted.

The defendants prayed the following instructions, numbered one, two, three, four, five, six, seven, and eight; but the court refused the fifth instruction, as prayed for, to which ruling of the court defendants saved their exception:

1. Before the jury can render a verdict for the plaintiff in this cause, they must be satisfied from the evidence that the plaintiff was the purchaser of said negro from Davis, for a valuable consideration, and that said sale was made in good faith.

2. If they find, from the facts and circumstances in this case, that said negro was put into the hands of Pullis for the purpose of preventing the same from being taken by the creditors of Davis, in execution for their debts, the same is fraudulent and void as against the defendants in this case, and they are bound to find for the defendants.

3. If they believe, from the evidence, that said bill of sale was made and accepted in order to cover up said property from Davis' creditors, or to hinder or delay his creditors, then said bill of sale is fraudulent, and said property was liable to the execution, and they must find their verdict for the defendants.

4. The jury are required and bound to take into consideration all the facts and circumstances in evidence in this case, and they may find, from the circumstances of the case, that the sale of the negro was not in good faith, but was fraudulent.

5. If the jury find, from the evidence, that said negro was redeemed, and the mortgage to Ridgway was paid off with

partnership money, or with a note given by Abat for partnership money, then Davis had an interest in the negro which was subject to sale under the executions of the defendants, and the plaintiff cannot recover in this action without there has been a settlement of partnership accounts, and Davis was found to have no interest in the partnership.

6. Although fraud cannot be presumed, but must be proved, yet it is not necessary that it be proven by direct testimony. The jury may find fraud to exist from circumstances alone.

7. If Davis, by the conveyance, intended to defraud, hinder or delay his creditors, and Pullis was aware of his intention, and received the conveyance with a view of delaying such creditors, the transaction is fraudulent, whatever consideration may have passed between them.

8. The petition and amended or supplemental petition of Pullis, read in evidence by the defendants, should be considered as an admission in the case, and the jury may believe any part thereof, and may disbelieve the balance. They are not bound to regard the whole of it alike.

*Craddock*, *Gordon*, *Henderson* and *Hayden*, for appellant.

*Lackland*, *Cline & Jamison*, for respondent.

I. The court did not err in excluding the deposition of Thomas J. Davis. (Kobbe v. Landecker, 32 Mo. 170 ; Parish v. Frampton, 32 Mo. 396 ; Caldwell v. Garner, 31 Mo. 131.)

II. The first instruction given by the court for plaintiff is correct. This instruction, with the fourth and sixth instructions given for the defendants, placed the question fairly before the jury. (See the instructions given in the following cases : Robinson's Exr's v. Robards, 15 Mo. 463 ; Field & Beardslee v. Livermore, 17 Mo. 221 ; Littleton, Interpleader, v. Beach & Eddy, 14 Mo. 163.)

III. Instructions for plaintiff on the measure is correct. (Dozier v. German, 30 Mo. 221 ; Sedgwick on Dam's, 393–405.)

The court properly refused to give the fifth instruction.

1. Because there was no proof to support it. There is no proof whatever that partnership funds were given by Pullis for the note of Abat.

2. Suppose the slave had been paid for or redeemed with co-partnership funds, or a note given for such funds, it is not easily perceived how that would make the negro co-partnership property.

3. The answer presents no such question. There is no defence upon the ground that the negro was co-partnership property. The only defence set up in the answer, is that the negro was not the property of Pullis, and was the property of Davis at the time of the levy.

BATES, Judge, delivered the opinion of the court.

Under several executions issued by a justice of the peace against one Davis, and delivered to Bruce, who was a constable, a levy was made upon a negro found in the possession of Pullis. Pullis claimed the negro, and the right of property was tried before the constable and decided in favor of Pullis, and thereupon the defendants gave to the constable a bond conditioned as provided by law, among other things to pay any person claiming title to said property, all damages that such person might sustain in consequence of such seizure and sale, and required the constable to sell said negro, which he did.

This suit was brought upon that bond, and the petition averred that the negro slave was the full and absolute property of Pullis, and that Pullis had sustained damage by the seizure and sale. The answer denied that the slave was the full and absolute property of Pullis, or that he had any interest therein, and averred that at the time of the levy Davis was the full and absolute owner of the slave, and that Pullis had no interest whatever in the slave at the time of the levy or prior thereto.

At the trial, the plaintiff proved the execution by Davis of a bill of sale to Pullis of the negro, which bill of sale expressed the consideration to be twelve hundred dollars, the

receipt of which was thereby acknowledged. He also proved the payment by Pullis to Davis of two hundred dollars of the consideration at the time of the execution of the bill of sale, and that the slave was then mortgaged to one Ridgway for one thousand dollars and was in the possession of the mortgagee, and that Pullis subsequently paid off the mortgage and received possession of the negro, and retained it until the slave was levied on by the constable.

The defendants then offered to read the deposition of Davis, to which the plaintiff objected because Davis was the maker of the bill of sale and vendor of the said negro, and the court sustained the objection and excluded the deposition. Davis stated in the deposition, that he had been a partner with Pullis and a son of Pullis in trading in cattle, and described some of their business operations, and stated that Pullis was largely indebted to him in their partnership accounts, but would make no settlement with him, and that he, being largely indebted, transferred the negro to Pullis in order to prevent his creditors from getting at the negro, and that he received no consideration whatever for the negro from Pullis; that the two hundred dollars paid him by Pullis in the presence of a witness, he immediately paid back; and that the mortgage to Ridgway was paid out of their partnership funds, and that the whole object and purpose of the bill of sale was to prevent his creditors from pressing him. The deposition was properly excluded. The statute declares that, "Any grantor, vendor or assignor, in any deed, instrument or writing, affecting property, real, personal or mixed, or any claim or right therein or therefrom, shall not be a competent witness to alter, change or qualify the proper effect and operation of the words and terms of such deed, instrument or writing."

The question is not here, whether the bill of sale may be impeached by any testimony, but whether Davis was competent to give the testimony contained in his deposition. It would be difficult to imagine testimony coming more directly within the prohibition of the above clause of the statute than this. It was clearly incompetent.

Three instructions were given for the plaintiff, which appear to be unobjectionable, and no objection has been made to them. Seven instructions were given for the defendants, and one asked by them was refused. It is as follows: "If the jury find from the evidence, that said negro was redeemed and the mortgage to Ridgway was paid off with partnership money, or with a note given by Abat for partnership money, then Davis had an interest in the negro, which was subject to sale under the executions of defendants, and plaintiff cannot recover in this action without there has been a settlement of partnership accounts, and Davis was found to have no interest in the partnership."

Without going into all the objections to this instruction, it is sufficient to say that it was properly refused, because, 1st, there was no evidence that the money used in procuring Abat's note, with which the mortgage was paid, was partnership money; and, 2d, the answer of the defendants, averred that Davis was at the time of the levy the full and absolute owner of the slave, and they cannot be permitted to contradict their own pleading by setting up that the slave belonged to the partnership. Their averment was probably unnecessary, but, having made it, they must abide by it.

Judgment was given for the plaintiff, and it is affirmed. Judges Bay and Dryden concur.