DELOS D. PIER, *et al.*, Appellants, *vs.* WILLIAM HEINRICHOFFEN, *et al.*, Respondents.

1. *Practice, civil—Pleading—Averments—Common law—Code—Notes—Demand and Protest.*—An averment of due demand and protest of a note was sustained at common law by proof of facts showing an excuse according to the law merchant, or dispensing with actual demand and showing due diligence, but it is not so by our Code. The facts proved must correspond with the averments.

2. *Practice, civil—Pleading—Code—Allegations—Facts constitutive.*—Every fact which the plaintiff must prove to maintain his suit, is *constitutive* in the sense of the Code and must be alleged.

3. *Practice, civil—Trials—Evidence—Testimony, anticipative—Offer to prove.*—When evidence is offered, which is inadmissible except by the proof of other facts, and there is no offer, or intimation given of an intention to prove such other facts, it is not error to reject the evidence.

### *Appeal from St. Louis Circuit Court.*

*Fisher & Rowell,* for Appellants.

"An averment in the usual form, alleging due presentment, and notice, is sustained by proof of any *state of facts* showing an excuse according to the custom of merchants." (Greenl., Ev. Vol. 2, 197 ; Norton vs. Lewis, 2 Conn.,478 ; Hopkins vs. Liswell,12 Mass. 52 ; Williams vs. Mathews, 3 Cowen, 252 ; Windham Bank vs. Norton, *et als.,* 22 Conn., 219.)

The rejection of any material testimony by the court, entitles the party to then take his non-suit, and this court will not refuse to set it aside because the record does not show, that plaintiff could make the other points in his case, or that he was prepared with proof on the other points. (Dowd vs. Winters 20 Mo. 361.)

*Slayback & Haeussler,* for Respondents.

EWING, Judge, delivered the opinion of the court.

This is an action on a promissory note by the plaintiffs as indorsees against defendants as indorsers, payable at the office of Williams, in St. Paul, Minnesota ; the note bears date St. Louis, October 12, 1860, and is payable on the first day of July thereafter, (1861.) The petition contains the usual averments of presentment and demand of payment at the maturity of said

note, refusal to pay, protest of the same, and that defendants were duly notified thereof. The answer of defendants is a denial of the allegations of the petition. Plaintiffs made application for a continuance of the cause, on the ground of the absence of witnesses, who resided at St. Paul, by whom they expected to prove facts excusing the delay in making demand of payment, and in giving notice to the defendants. The motion for a continuance being overruled, and the cause being submitted to the court,—jury waived,—the plaintiffs read the note in evidence, and then offered to show by the certificates of protest of one Malmros, a notary public, and his deposition accompanying the same, that said note was presented for payment at the place where the same was made payable, that it was protested, and notice given the defendants on the 15th day of July, 1861. This evidence was excluded on the objection of defendants, whereupon plaintiffs took a non-suit, with leave, &c. The motion to set aside the non-suit being overruled, the cause is brought to this court by appeal.

The application for a continuance was obviously without merit. The suit was instituted in March, 1870. Immediately thereafter, as the affidavit states, steps were taken to procure the deposition of Terry, a witness residing at St. Paul, which failed, as is alleged, by reason of his temporary absence at Washington City. He remained absent however, until January, 1871, and it does not appear, that any further effort was made to take the deposition in the *interim*, a period of eight or nine months.

A second attempt was made it seems in 1871 (but at what time is not disclosed) with a like result. So that during a period of about nineteen months the failure to procure the testimony of a witness, whose residence was so well known, is utterly irreconcilable with that degree of diligence, that should be exacted of suitors under such circumstances.

The certificate of protest and the deposition of the notary were properly excluded. The note matured July, 1861. The evidence offered showed, that demand of payment was not made until July 15, some fifteen days after its maturity, and no reason or excuse was shown for this delay, nor was there an offer to make any such proof.

Pier, et al. v. Heinrichoffen et al.

The order in which evidence may be introduced is a matter very much in the discretion of the court, and this discretion may be properly exercised by inverting the regular order, and admitting evidence that pre-supposes facts, which logically and naturally precede it, but when such evidence is offered abstractly without an offer to sustain it by proof of such antecedent or primary facts, and without which it would be wholly unavailing, and no intimation of such a purpose is given to the court, we cannot say the court erred in excluding it.

This evidence however was rightly excluded on more substantial grounds. The petition avers that demand of paymen⁺ was made *at the maturity* of the note, and that defendant was duly notified thereof. This allegation was put in issue by the answer. Neither the evidence offered, nor that of the absent witness, as disclosed by the affidavit for a continuance, tended to prove this averment, but on the contrary to *disprove* it by showing an *excuse* for not making the demand at the time alleged in the petition.

It may be conceded, that at common law this petition would be sufficient; that the averment would be sustained by proof of any state of facts showing an excuse according to the custom of merchants, by proof of facts which dispense with actual demand and show due diligence, without stating them specifically in the pleading.

Is this good pleading however under our Code? For not only the forms of pleading, but the rules by which the sufficiency of pleadings, except where otherwise specially provided, are to be determined and prescribed by our Practice Act. (2 W. S., § 1, p. 1012.)

As the vice of the old system of pleadings was its prolixity, its general averments, and general issues, and the delay and expense inseparable from it, the new system (or the modifications of the old) which we have adopted has little claim to be considered a *reform*, unless it avoids such defects and furnishes rules, by which the great object of all pleadings is better attained, namely, to arrive at a material, certain and single issue. Hence, the great improvement of our Code consists in requir-

ing the pleadings to contain a plain and concise statement of the *facts, constituting* a cause of action, or matter of defense. (2 W. S., 1013, § 3; and 1015 § 3.) Facts, and not evidence, nor conclusions of law, must be distinctly stated. Every fact, which the plaintiff must prove to maintain his suit, is *constitutive* in the sense of the Code, and must be alleged. Facts, which dispense with the necessity of making demand of payment and giving notice to the indorser, are as essential to the plaintiffs' right of recovery, as the fact that the defendant indorsed the note, or that it was executed and delivered by the maker, or that plaintiff is the holder. And the defendant has the right to controvert the one or the other in his answer. He should therefore be informed by proper averments in the petition, what facts are relied on to charge him, so that he may have an opportunity to controvert them. Such an allegation of demand of payment at *maturity*, and due *notice* thereof to the indorser, could give no intimation to the defendant of the nature of the evidence, by which the plaintiff proposed to sustain it. He could only know, that he received no notice; but of what steps if any were taken to give it, or of the causes of the failure to give it, or of the facts relied on to excuse the want of it he of course is presumed to have no knowledge. These are matters within the knowledge peculiarly of the plaintiff, which he should allege in his pleading, and prove. He alleges facts, the legal *effect* of which if true could charge the defendant; but he claims, that he should be allowed to sustain this allegation by facts of a totally different character, not alleged in his petition, because the same legal consequences would follow.

In Garvey vs. Fowler, 4 Sand., 665, it was held, that where in an action on a check, facts are relied on which excuse notice of presentment and non-payment, as that the drawer had no funds in the bank the day the check was presented, they must be stated in the complaint. And that an averment of due notice will not be sustained by evidence of facts excusing notice.

To the same effect is Shultz vs. Dupuy, 3 Abb. Pr., 252.

The question has been decided the same way in Iowa, Lambert & Co. vs. Palmer, *et al.*, 29 Iowa, 104, the court holding

that under an averment like that in the case at bar, there could be no recovery upon proof of facts amounting to a waiver of demand and notice, as a subsequent promise to pay by the drawer or indorser after full knowledge of the facts. See, also, Cole vs. Wintercost, 12 Texas, 118.

It is scarcely necessary to add, that the codes of New York, Iowa and Texas, in respect to the rules of pleading, are substantially the same as our own.

Judgment affirmed. The other judges concur.