WEIL, *Appellant*, v. POSTEN, *Garnishee of Beckett.*

1. **Practice**: PLEADING: EVIDENCE. A party will not be permitted on the trial to give evidence contradicting his pleadings; nor can he state one ground of defense and recover on a different one.

2. **Evidence**: PRACTICE IN SUPREME COURT. If illegal testimony be admitted, the effect of which cannot be determined, the judgment must be reversed and the cause remanded for a new trial.

3. **Garnishment**: PLEADING. A garnishee in his answer to interrogatories, must state facts and not conclusions of law.

4. ———: CONTINGENT LIABILITY OF GARNISHEE. Where the answer of the garnishee shows that there is a contingency in which he may have funds of the debtor in his hands, it is error to discharge him before the contingency has been determined.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Caldwell, Strong & Mosman* for appellant.

*Wm. Heren* for respondent.

WINSLOW, C.—Appellant obtained a judgment against R. T. Beckett for $151.10 with interest at six per cent, in the Andrew circuit court August 10th, 1873. Pending the action, which was by attachment, and on December 14th, 1874, the respondent was summoned as garnishee, and July 13th 1873, filed the following answers to interrogatories:

"At the time I was summoned as garnishee of said Robt. T. Beckett in this cause, I had not in my hands, nor have I since had any goods, chattels, property, effects or credits of the said Beckett in my possession or under my control, except as hereinafter stated. That said Beckett did, prior to my being summoned as garnishee, sell, assign and transfer to me a draft or check drawn on the Globe Insurance Company in Chicago, Illinois, for $1,500, for the

purpose of paying me an indebtedness of $400 with interest thereon, which the said Beckett was then owing me, and was then shortly due and payable to me; and for the purpose also of securing me in liabilities that I had incurred as security for said Beckett, a part of which security debts were then due and had been paid. (Here follows a detailed statement of the debts.) Wherefore from the promises aforesaid, garnishee says that, at the time he was summoned as garnishee of said Beckett, the said Beckett was owing and justly indebted to said garnishee in the several amounts as specified, together with the interest thereon amounting to $1,180; that said garnishee accepted and received said draft or check from said Beckett, in good faith, for the payment of the indebtedness aforesaid to garnishee, and for the payment of said security debts as above stated, which garnishee was bound to liquidate and pay, and has so done as aforesaid. Garnishee states that at the time of the assignment of said draft or check to him by said Beckett, Beckett was wholly and entirely insolvent and unable to pay any of his debts, and still is insolvent. Garnishee states that prior to the service of this garnishment, in this cause, garnishee did, for a valuable consideration, sell, assign and deliver the said draft or check to F. A. Vanhusen. Garnishee says that before the said draft or check was paid, as this garnishee is informed and believes, the attorney for plaintiff in this cause, W. W. Caldwell, notified the said insurance company not to pay the said draft or check, for the reason, as he alleged, that the policy of insurance had been stolen and the draft or check wrongfully or fraudulent obtained, all of which this garnishee believes was false and fraudulent. Garnishee states that in consequence of such notice, as garnishee is informed and believes, the said company did and has refused to pay said draft or check, or any part thereof, and that the same remains unpaid. Garnishee states that his said assignee of said draft or check, F. A. Vanhusen, has brought suit on said draft or check against said company, and if he should collect the

same, there will be some balance in the hands of this garnishee, over and above what will pay and discharge his liabilities aforesaid—what amount this garnishee cannot answer, not knowing the costs and expenses of collecting the same, and of this litigation; and if the assignee should fail to collect such draft or check from said company, then there will be nothing coming from garnishee, as the garnishee will be liable to said Vanhusen, on his assignment of said draft or check, and will have nothing in his hands or under his control belonging to or coming to the said Beckett. That when served, he was not indebted in any sum due or to become due, only as set out in the foregoing answer."

To this answer the appellant filed the following denial: "Plaintiffs admit that garnishee sold and transferred the draft for $1,500, for value, to Vanhusen as alleged in the garnishee's answer, and deny each and every other allegation in said answer stated, and pray for judgment for their debt."

The case was tried by the court. On the trial the garnishee offered to testify, when appellants objected, and prayed judgment on the pleadings for their debt, because the answer admitted that the garnishee had sufficient money in his hands belonging to Beckett to satisfy the debt, but the objection was overruled, and the garnishee permitted to testify as follows: "That he has never received any sum whatever on account of the draft or check mentioned in his answer, from said Vanhusen, the assignee, nor from any one, and that said check has not been collected." It was admitted that the appellants had a valid unpaid judgment against Beckett. This was all the evidence. Appellants thereupon filed a written motion for a judgment in their favor, upon the pleadings, evidence and admissions of the garnishee; which motion the court overruled, and rendered judgment discharging the garnishee; and this judgment the appellants have brought before this court for review on appeal.

Counsel for the respondent seems to rely upon the testimony of the garnishee, above quoted, to sustain the judgment. This testimony, if it means that the garnishee did not receive any money or value for the check or draft from Vanhusen, is a contradiction of the answer, which states that prior to the service of the garnishment, the "garnishee did, for a valuable consideration, sell, assign and deliver the said draft or check to F. A. Vanhusen." A party will not be permitted, on the trial, to give evidence contradicting his pleadings. *Bruce v. Sims*, 34 Mo. 246; *Seibert v. Allen*, 61 Mo. 482; *Capital Bank v. Armstrong*, 62 Mo. 59.

· Besides the answer admits the receipt of the value of the check or draft from Vanhusen, and seeks to avoid payment of the conceded balance of $320, over and above the debts for which the garnishee was liable, on the ground that the check or draft was in litigation between Vanhusen and the insurance company, and, in the event of the defeat of the former, the garnishee might be liable to him for the purchase money, as the assignor or indorser of the check or draft. The evidence in question seeks relief on the ground, as we understand the case, that the garnishee has never received any money from Vanhusen on the check or draft, and has, therefore, nothing in his hands belonging to Beckett to pay on appellants' debt. These are widely different grounds of defense. A party cannot state one cause of action or defense and recover on a different one; he must stand upon the case made by the pleadings. *Chapman v. Callahan*, 66 Mo. 299; *State ex rel. v. Creusbauer*, 68 Mo. 254; *Donnan v. Intelligencer, etc., Co.*, 70 Mo. 168; *Buffington v. R. R. Co.*, 64 Mo. 246; *Waldhier v. R. R. Co.*, 71 Mo. 514; *Edens v. R. R. Co.*, 72 Mo. 212; *Price v. R. R. Co.*, 72 Mo. 414; *Bullene v. Smith*, 73 Mo. 151; *Ely v. R. R. Co.*, ante, p. 34.

True, the garnishee testified in addition that "the check has not been collected," and, if this alone would justify the judgment, under the pleadings, we are not able

to say on what ground the court decided the case. Illegal testimony was admitted, the effect of which cannot be determined, and for this reason, we think, the judgment should be reversed and the cause remanded.

As the case must go back for a new trial, it may be well to notice briefly the remaining point in the case. The answer admits the receipt of the check or draft from the judgment debtor for $1,500, to be applied on debts amounting to $1,180, leaving $320 in the hands of the garnishee, if he received the money on the check or draft, which is more than the amount of appellants' judgment. It also admits the assignment of the check or draft to Vanhusen, "for a valuable consideration," which would naturally mean the face of the paper, and the garnishee, therefore, had in his hands money of the judgment debtor, arising from this transaction, more than sufficient to pay appellants' judgment. The only reason assigned why this money should not be applied on appellants' debt is, that the draft or check is in litigation between Vanhusen and the insurance company, " and if the assignee should fail to collect such draft or check from said company, then there will be nothing coming from garnishee, as this garnishee will be liable to said Vanhusen on his assignment of said draft or check." It will be observed that the answer does not state any facts tending to fix the liability of the garnishee to Vanhusen as the indorser or assignor of the check or draft. It is spoken of as a check or draft; the character of the transaction is not shown, whether by delivery alone, writing the name on the back or by an assignment in full, either with or without recourse; nor does it appear that Vanhusen has taken the necessary steps to hold the garnishee liable on the paper. For all that appears in the answer, the garnishee may escape payment in this proceeding, on the ground that he is liable over to Vanhusen, and defeat the claim of the latter, on the ground that he is not liable on the transfer of the check or draft. All that is stated on this subject amounts to no more than

a conclusion of law. The answer should have stated the facts upon which the liability of the garnishee to Vanhusen was based, so that the court might determine the matter as one of law.

Moreover, the litigation was still pending, the fact was not ascertained on which the garnishee would become liable to Vanhusen, and it was error to discharge him absolutely on that plea. The answer admits that in a certain contingency not then determined, the garnishee would have the money in his hands to pay appellants' debt. Then why discharge him absolutely?

All concur in this report.