SARAH A. SPOONER AND HUSBAND, Appellants, v. JOHN ROSS, Defendant; LOGAN ARBUCKLE, INTERPLEADER, Respondent.

Kansas City Court of Appeals, February 8, 1887.

| | |
|---|---|
| 24 | 599 |
| 50 | 546 |
| 24 | 599 |
| 55 | 675 |
| 24 | 599 |
| 59 | 306 |
| 59 | 307 |
| 24 | 599 |
| 73 | 229 |
| 75 | 442 |
| 24 | 599 |
| 76 | 210 |
| 24 | 599 |
| 83 | 321 |
| 83 | 406 |
| 24 | 599 |
| 95 | 1265 |
| 24 | 599 |
| 102 | 2399 |
| 102 | 401 |

1. INTERPLEA—NATURE OF—HOW IT DIFFERS AND IS DISTINGUISHED FROM REPLEVIN.—An *interplea* is in the nature of a replevin engrafted by statute on the proceeding in attachment. It will not lie where the action of replevin will not. It is a claim for the recovery of the possession of the specific thing. Unlike the action of replevin no money judgment in damages can be awarded, in lieu of the specific property claimed. It is peculiarly a possessory action, the right to present possession of the property being the principal question in controversy. It involves the *exclusive* right of the claimant to the *immediate* possession of the chattel and the fact of the wrongful detention thereof by the defendant as against the claimant.

2. —— JOINT TENANTS—INTEREST OF.—One joint tenant cannot maintain replevin against his co-tenant. An action of replevin does not lie for an *undivided interest* in a chattel. Nor can such tenant in common sue alone as against a stranger in possession.

APPEAL from Linn Circuit Court, HON. A. C. EUBANKS, Special Judge.

*Reversed and remanded with directions.*

Statement of case by the court.

In February, 1883, the plaintiff rented to defendant, Ross, her farm for the period of two years, beginning on the first day of March, 1883, and ending on the first day of March, 1885, at an annual rental of three thousand dollars, payable in advance. By the terms of the contract, the plaintiff was to furnish for the use of the lessee, on the farm, fifteen head of cows, to be kept by the lessee. The calves, or increase, of these cows, was to be the joint property of the lessor and lessee, in the

proportion of one-half each. The calves were to be divided at the end of the two years.

Ross paid the first year's rent; but failed to pay for the second year in advance, as provided by the contract.

In September, 1884, the plaintiffs began action, under the landlord and tenant act, against Ross by attachment. Under the writ issued therein the sheriff seized eleven of the calves produced by said cows; there being fourteen altogether calved and living.

At the return term Arbuckle interpleaded in the action, claiming that he was the owner of seven of the calves so attached, as the property of Ross.

On trial the evidence tended to show that a short time before the attachment proceedings were instituted, Arbuckle had purchased the undivided interest of Ross in the fourteen calves; but the calves remained as theretofore on the farm in question.

After Arbuckle became such purchaser he demanded of plaintiff a division and separation of their interests therein, which plaintiff refused to do at that time.

The cause was tried before the Hon. A. C. Eubanks, sitting as special judge, without the interposition of a jury.

The interpleader asked no declarations of law. The plaintiff asked the court to declare the law, in substance, to be, first, that unless the number of calves claimed by interpleader had, prior to the seizure by the sheriff, been divided, and in some manner so separated and divided from the others as to identify them, or had been delivered to Arbuckle, he could not recover; second, that it was not sufficient to authorize a recovery in this action by interpleader that he had shown that he was the purchaser of the undivided interest of Ross in the lot of calves; and, third, that under the pleadings and evidence the court should find the issue against interpleader. The court refused to so declare the law, and found the issue for interpleader rendering judg-

ment in his favor for the recovery of seven of the calves in question.

From this judgment the plaintiff prosecutes this appeal.

H. LANDER, for the appellant.

I. An interplea is in the nature of replevin, engrafted upon a suit by attachment. *Burgert v. Borchert*, 59 Mo. 85. And does not lie in any case not given by statute. *Gordon v. McCarty*, 26 Mo. 305.

II. Replevin will not lie by one joint owner or tenant in common to recover an undivided interest in a chattel. *Hart v. Fitzjerald*, 2 Mass. 509, 511; *Gardner v. Dutch*, 9 Mass. 426, 430. The interest of one tenant in common of a chattel may be attached by a levy upon the whole, but the officer can only sell the interest of the debtor, and the purchaser will become tenant in common with the other joint owner. Drake on Att., sect. 248, and cases there cited. And so one tenant in common may sell his interest in the common property, and the purchaser will take the place of joint owner. 3 Addison Con. 367, sect. 1297, Morgan's Ed.

III. There is a failure of proof under section 3702, Revised Statutes. The interpleader avers that he is the owner of *seven specific* head of the calves attached. All the evidence shows his interest to be only the *undivided half* of the lot of calves. "Where the right of action depends on title, which is alleged to be in one, but is proven to be in two or more, the variance is fatal." *Converse v. Symms*, 10 Mass. 377, 378. The claim of ownership in seven head of the calves attached is constitutive, and must be proved as alleged to make a case. *Pier v. Heinrichoffen*, 52 Mo. 333. A party will not be permitted to contradict his own pleading by showing that property he claims absolutely, is the property of himself and another. *Bruce v. Sims*, 34 Mo. 252; *Seibert v. Allen*, 61 Mo. 482-487-8; *Weil v. Posten*, 77 Mo. 287.

IV. The finding of the court in favor of inter-pleader for the undivided half of fourteen calves is not supported by the evidence. Only eleven head of calves (the common property) were attached. The court had no power to declare a partition of the three head not at-tached.

V. The calves, being common property, and not divided, the interpleader acquired no right to any *specific* number by his alleged purchase from the tenant.

VI. The finding and judgment are not responsive to the issues. *Mills v. Thompson*, 61 Mo. 415: The *issue* is whether interpleader owned *seven* of the *eleven* head of calves attached. The *finding* and judgment is that he owns the undivided half of *fourteen* head.

No brief for the respondent.

PHILIPS, P. J.—I. This proceeding is certainly somewhat novel, and the judgment of the circuit court is unique. The sheriff under the writ of attachment had only seized eleven head of calves. The interpleader asserted ownership in seven of these. His proof was that he became, by purchase from Ross, an owner of an undivided half interest in these eleven calves, and three others not in controversy in this action. His interest in the calves had never been severed. By his own showing he was only the owner of an undivided one-half interest in the eleven calves in controversy, which, in kind, would have been just five and a half calves. Yet the court gave him judgment for the recovery of seven whole calves out of the eleven. By what process of rea-soning this conclusion was reached is not apparent.

II. The whole action, on the part of interpleader, in my opinion, was misconceived. Waiving any dis-cussion of the question raised, at this hearing, by appel-lant's counsel, as to whether an interplea is admissible in this proceeding under the landlord and tenant act,

it is sufficient to say, that the interpleader cannot maintain his claim on its merits.

An interplea is in the nature of a replevin, engrafted by statute on the proceeding in attachment. *Bergert v. Borchert*, 59 Mo. 85. Certainly, then, it will not lie where the action of replevin will not. The very object of the action in replevin is the recovery of specific personal property, in kind. It partakes in this respect, of the nature of a proceeding *in rem*. Wells Replev. sects. 33–34.

Especially is this true of an interplea. It is a claim for the recovery of the possession of the specific thing. Unlike the action of replevin, no money judgment in damages can be awarded in lieu of the specific property claimed. It is peculiarly a possessory action, " the right to present possession of the property being the principal question in controversy." Wells Replev. sect. 39. It involves the exclusive right of the claimant to the immediate possession of the chattel, and the fact of the wrongful detention thereof by the defendant as against the claimant. *Ib.* 46, 94, 98; *Hunt v. Chambers*, 1 Zab. 21 N. J. 623; *Kingsberry v. Buchanan*, 11 Iowa, 387; *Noble v. Epperly*, 6 Port. (Ind.) 416.

An inevitable corrolary of these propositions is, that one joint tenant cannot sustain replevin against his co-tenant; for the obvious reason that the possession of one joint tenant is the possession of all, and one has no more right to the exclusive possession than the other. Therefore, an action of replevin does not lie for an undivided interest in a chattel. Nor can such tenant in common sue alone as against a stranger in possession. Wells Replev. sects. 152, 154, 156, 160; *Hart v. Fitzgerald*, 2 Mass. 509; See also, *Kamerick v. Castleman et al.*; 23 Mo. App. 481.

So it has been held that a right of action alleged to be in one is a fatal variance where the proof shows it to be in two or more. *Converse v. Symms*, 10 Mass. 377; *Goodnight v. Thieman*, 17 Mo. App. 429. This rests on the logic of the rule, that the title, or right of action,

alleged, is constitutive, and must be proved as alleged. *Pier v. Heinrichoffen*, 52 Mo. 333; *Bruce v. Pullis*, 34 Mo. 246; *Seibert v. Allen*, 61 Mo. 482, 488; *Capital Bank v. Armstrong*, 62 Mo. 59; *Weil v. Poslen*, 77 Mo. 287.

Applying these principles to the facts of this case, I do not see how this judgment can stand. By the express provisions of the contract between plaintiff and Ross: "all the calves, or increase, from said cows shall be the joint property of the first and second parties." When Arbuckle became, as he claims, the purchaser of the undivided interest of Ross, he became, by substitution, or privity of contract, only a joint owner with plaintiff. *McCoy v. Hyatt*, 80 Mo. 138, 139; Wells Replev. sect. 164. By his purchase he took the interest of Ross *cum onere*, subject to all the rights of plaintiff secured, and all the incidents imposed, by the contract of lease between the lessor and the lessee. As the burden of keeping this property was laid upon Ross, until the expiration of the lease on March 1, 1885, and the division in kind was then to occur, and not sooner, the interpleader could not, by interposing as a purchaser under Ross, in 1884, force upon plaintiff a new incident of the contract, by demanding an immediate division of the property, and thereby escape the burden imposed by the contract on Ross of taking care of the whole interest in the calves until March, 1885.

If, by the seizure of plaintiff under his writ of attachment, he had wrongfully converted the entire isterest, the interpleader, provided there was a valid sale, might maintain an action of trover for his interest in damages. *McCoy v. Hyatt, supra*. But there could be no equitable partition, in the form of action adopted by interpleader, as was attempted by the judgment of the circuit court.

The other judges concurring, its judgment is reversed, and the cause remanded with directions to the circuit court to enter judgment against the interpleader.