| 50 | 541 |
|----|-----|
| 73 | 229 |
| 75 | 442 |
| 50 | 541 |
| 76 | 210 |
| 50 | 541 |
| 81 | 534 |
| 50 | 541 |
| 102 | 4399 |
| 102 | 4400 |

DEYERLE & PORTER, Respondents, v. HUNT & HUNT, Appellants.

Kansas City Court of Appeals, June 13, 1892.

1. **Partnership:** INTEREST IN PROFITS AND LOSS: COMMUNITY OF INTEREST. Mere participation in the profits and loss does not necessarily constitute a partnership between the parties so participating, but there must be such community of interest as empowers each party to make contracts, incur liabilities, manage the whole business and dispose of the whole property.

2. ——: ——. Where one contributes neither skill, labor nor money, or shares the loss, if any, but, if there should result a profit, is to have a share of it, there is no partnership.

3. ——: .PROFITS: TITLE TO PROPERTY. A partnership in profits may exist without including title to the property out of which the profit may be made.

4. **Replevin:** PARTNERSHIP: ISSUE FOR JURY: VARIANCE. In replevin it is material that plaintiff allege the extent of his interest, and partners must join to recover partnership property taken from the manual possession of one partner, and whether the plaintiffs own the

property jointly or as partners is a question for the jury; and where the right of only one is alleged, and the proof shows it to be in two, the variance is fatal, as the right of action alleged is constitutive, and must be proved.

5. ———: ———. Where in replevin the right of action is laid in partners or joint tenants, there can be no recovery where the evidence discloses that only one of such partners or joint tenants is the sole owner, and entitled to the possession.

6. ———: AMENDMENT: NEW PARTY. In replevin plaintiff may amend his petition and affidavit by making a new party plaintiff.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*Parkinson & Graves* and *Jno. B. Cole*, for appellants.

*Francisco Bros.*, for respondents.

SMITH, P. J.—This is an action of replevin to recover the possession of twenty-five hundred bushels of shucked corn in the crib. There was a trial and judgment for plaintiffs, from which defendants appealed.

The defendants have assigned for error a number of the rulings of the trial court against them, but the principal of these, as we understand it, is that by which was refused an instruction asked by the defendants, which told the jury that if they shall believe from the evidence that the plaintiff Porter had no money invested in said corn at the time of bringing this suit, nor had any other interest in it, except possible profits arising from Deyerle's feeding the same to cattle, then the finding should be for defendants. It is, of course, the theory of the plaintiffs that they sustain the partnership relation in respect to the property, and in that way they are owners and entitled to the possession

thereof. The defendants contend that the evidence does not show a partnership *inter sese*. As there is involved in this contention what seems to be regarded as the pivotal question in the case, it is worth while to examine in this connection that part of the evidence which is pertinent.

The plaintiff Deyerle testified in his own behalf, in answer to the questions of his counsel, as follows: " *Q.* Before you proceed with that, explain to the jury how it was that this matter was brought first in your name; and afterwards Mr. Porter was made a party to this suit? *A.* My explanation is that in the first place he is a brother-in-law of mine; he had gone my security on a farm I had leased there, and I told him I did not want him to do it for nothing; that we would buy up a lot of cattle.

" *Q.* Explain that to the jury. *A.* Mr. Porter, he is a brother-in-law of mine, and was up visiting me. I told him where the corn was, and by buying some cattle we could buy this corn, and plenty right close, and it would not cost him one cent; and it *should not be any risk*, and he would be a silent partner, and when the profits came in I would divide it and send it to him."

On cross-examination, plaintiff testified that he remembered testifying before J. S. Francisco, judge of the probate court of Bates county, on June 3, 1890, that he was the plaintiff in the case. " *Q.* If Mr. Porter had an interest why did you not say so then? *A.* I only considered Porter a silent partner; he never put a dollar in it.

" *Q.* He has not got a dollar in this now, has he? *A.* No, sir. He never invested a dollar.

" *Q.* Has Porter an interest or has he not? *A.* He has an interest so far as the profits go, but

he never put a dollar in it. Porter claims his interest in it and will share his profits and losses in it."

The undisputed evidence was that plaintiff Deyerle gave his individual check to Richardson, of whom plaintiffs claim they purchased the corn for the purchase price of it. The plaintiff Porter testified: "I am the brother-in-law of the plaintiff, J. B. Deyerle; he married my wife's sister; I am interested in this corn in controversy in this suit; I have an interest in the stock we are feeding; I bear half the expense of feeding; I own half of the corn."

It often occurs that persons who are not really partners, by their acts and conduct, render themselves liable to be considered partners by third persons, and thus make themselves responsible as such. But the question here is, are they partners *inter sese?* The rule is now well settled in this jurisdiction that a mere participation in the profits and loss does not necessarily constitute a partnership between the parties so participating. *McDonald v. Matney*, 82 Mo. 358; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe*, 67 Mo. 173; *Phillips v. Samuel*, 76 Mo. 658; *McCauley v. Cleveland*, 21 Mo. 438; *Bank of Osceola v. Outhwaite, ante*, p. 124; *Dwinel v. Stern*, 30 Me. 384. In the last-named case which has several times been cited with approval by the supreme court of this state, it was said: "There must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business and dispose of the whole property. In this case, Porter, under the agreement made with Deyerle, was not to contribute either skill, labor or money or to share the loss, if any. The latter was to contribute the money and labor, to purchase the corn and cattle, and, if there should result a profit, the former was to have a share in it. Deyerle testified that Porter was to take no risk; that is, that the

venture was at the sole risk of Deyerle. It thus appears that Porter was not even to share the loss. It is true that Porter testified that he owned "half the corn." But this was a mere opinion of his. Deyerle testified that his proposal to Porter was, amongst other things, that "it should not be any risk" to him. He was to be the mere recipient of a gratuity from Deyerle, without risk, labor or expense. The reason which Deyerle assigned for his generosity was, in effect, that Porter had gone his security for the rent of the farm he occupied, and that he took that method of signifying his appreciation of his kindness.

Tested by the rules to which we have already referred, it is quite difficult to understand how Porter can be regarded as sustaining the relation of partner to Deyerle. The proposal made by Deyerle, as detailed in his testimony, clearly negatives an intention to create that relation. We do not think that the evidence adduced by plaintiffs was sufficient to warrant the court in submitting the issue of partnership to the jury. The facts do not embrace, as we think, the constitutive elements of a partnership. 1 Parsons on Contracts. [7 Ed.] sec. 157; Story on Partnership [7 Ed.] sec. 27; *Fawcett v. Osborne*, 32 Ill. 411; *Merrick v. Gordon*, 20 N. Y. 93; *Morgan v. Sterns*, 41 Vt. 397. But, if a partnership in the profits of the adventure existed, it did not include title to the property out of which the profits were to arise. The law is stated to be that a partnership in profits may exist without including title to the property out of which the profit may be made. 1 Parsons on Contracts, sec. 157; Story on Partnership, sec. 27; *Hankey v. Becht*, 25 Minn. 212; *Moore v. Huntington*, 7 Hun, 425; *McCreary v. Slaughter*, 58 Ala. 230; *Smith v. Watson*, 2 Barn. & Cr. 401. The evidence tended most strongly to show that Porter's

interest in the venture extended no further than the profits. It was a proper question for the jury to determine whether or not Porter had any other interest in the corn except possible profits arising from the feeding of it to cattle.

The further question is whether the plaintiffs' action must fail as to all of them, as the suit is by them as partners, if it should be found from the evidence that one of the plaintiffs, in his individual capacity, is the owner and entitled to the possession of the property, and that the partnership, or the plaintiffs as partners, are not. In an action for the recovery of specific personal property, the plaintiff must state in his petition the extent of his interest in the property, such allegation being a material one. Cobbey on Replevin, sec. 601. Where property belonging to a firm is taken by a third person from the manual possession of one partner, all the partners must bring replevin to recover it. Lindley on Partnership, sec. 277. In Wells on Replevin, section 153, it is said that when it appears during the trial that the parties own the property jointly, or are partners, the court will leave it to the jury as one of the issues of the case, and will direct them that, if they so find, their verdict must be for defendant. Nor can a tenant in common sue alone as against a stranger in possession. *Spooner v. Ross*, 24 Mo. App. 599. So it has been held that, if a right of action is alleged to be in one, there is a fatal variance where the proof shows it to be in two or more. *Spooner v. Ross, supra; Goodnight v. Thieman*, 17 Mo. App. 429. This rests on the logic of the rule that the title or right of action alleged is constitutive, and must be proved. *Pier v. Heinrichoffen*, 52 Mo. 333; *Bruce v. Pullis*, 34 Mo. 246; *Seibert v. Allen*, 61 Mo. 482; *Weil v. Posten*, 77 Mo. 287. And, if a partner or joint tenant cannot maintain replevin for the property of a

partnership or joint tenancy, it must follow that partners or joint tenants suing as such cannot recover where the evidence discloses that only one of such partners or joint tenants suing is the sole owner, and entitled to the possession. It results, therefore, that the court erred in refusing the defendants' instruction.

In respect to the action of the trial court in permitting the plaintiff Deyerle to file an amended petition and affidavit, wherein Porter was joined as a coplaintiff, we may remark that it is our opinion that the provisions of article 6 of chapter 33, Revised Statutes, afforded sufficient authority for that.

And as the cause must be remanded it may not be out of place to say that the plaintiffs ought, if they so ask, to be permitted to refile their original petition and affidavit, or to file another like petition and affidavit in the case accordingly as they may elect.

Our attention has been called to no serious objection to any of the other instructions in the case.

It results from what has been said that the judgment will be reversed and the cause remanded. All concur.