HOEFFER v. AGEE ET AL.

1. REPLEVIN.
To entitle the plaintiff to maintain replevin, his right to the possession of the property must be exclusive.
2. SAME.
Replevin for an undivided interest in property cannot be maintained.

*Appeal from the County Court of Weld County.*

Messrs. SULLIVAN & MAY, for appellant.

No appearance for the appellees.

THOMSON, J., delivered the opinion of the court.

Replevin for an undivided interest in certain personal property. The affidavit described the property as follows: " The undivided one half of all the alfalfa hay now in stack on the south one half (S. 1/2) of the southwest one fourth (S. W. 1/4) of sec. 8, township 2 N., range 66 west of the sixth P. M. The undivided one half of all the oats now in granary on the above described ranch." ·

Replevin is an action provided for the recovery of specific articles of personal property. The plaintiff must be entitled to the possession of the property in its entirety. The action cannot be maintained for an undivided interest. The title of the owner of an undivided interest, as also the title of his coöwner, embraces every part of the property, and he cannot take any portion of it without taking something which belongs to another. The right of possession is also equally in each, and neither can be summarily deprived of it by the other. To enable the plaintiff to maintain replevin, his right to the possession must be exclusive. There are methods by which the owner of an undivided interest may assert his rights, but the remedy is not replevin. This action, being replevin for an undivided interest, must fail. Wells on Re-

plevin, sec. 154; *Jackson v. Stockard*, 9 Baxt. (Tenn.) 260; *Kimball v. Thompson*, 4 Cush. 441; *Kindy v. Green*, 32 Mich. 310; *Hart v. Fitzgerald*, 2 Mass. 509; *Spooner v. Ross*, 24 Mo. App. 599.

Let the judgment be reversed.

*Reversed.*