GARRA K. JOHNSON, Appellant, v. ST. JOSEPH STOCK YARDS BANK and another, Respondents.

**Kansas City Court of Appeals, November 9, 1903.**

1. **Parties: REPLEVIN: CONVERSION.** A joint owner of personal property has no right to sue severally for its conversion, and this rule applies to an action against his co-owner or the latter's assignee or a stranger.

2. ———: **PLEADING: VARIANCE.** Where the right of action is alleged to be in one and the proof shows it to be in two, the variance is fatal.

3. ———: **DEFECT OF: DEMURRER: ANSWER: ISSUE.** Where the defect of parties is not raised in the trial court by answer or demurrer, it is waived; and on the pleadings in this case there is no question as to whether the title to the fund in issue was in whole or in part in a stranger; but the precise question is whether the cause of action for the alleged conversion was in the plaintiff, since the evidence shows that the ownership was not in him but in him and another.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*R. L. Spencer* and *Jno. C. Landis, Jr.,* for appellant.

(1) Where trust funds are placed in the hands of a party, they can not be surrendered by him without the consent of the party or parties placing it there, and if he does, he is guilty of conversion. Seehorn v. Bank, 148 Mo. 256. (2) Where bailor is entitled to a portion of the deposit, he may recover for conversion in damages to the extent of his part of the deposit. Keyes v. Bank,

52 Mo. App. 323. (3) An equitable defense may be set up in an action for trover, but must be specially pleaded. The court erred in holding that Johnson must sue Ownbey in equity first and have an accounting before maintaining this action for conversion against respondents. 21 Ency. of Pleading and Practice, p. 1107; McLeod v. Maloney, 3 N. Y. Sup. 617. (4) No advantage may be taken of an equitable defense unless pleaded. Kennedy v. Daniels, 20 Mo. 104; Le Beau v. Armitage, 47 Mo. 138; Biffle v. Pullan, 125 Mo. 108. (5) Defect of parties is waived by failure to demur for that reason, or to set up such fact by answer. The court, therefore, erred in sustaining the demurrer on account of a defect of parties, if there was such defect. R. S. 1899, secs. 598 and 602. (6) A bailee is estopped from disputing bailor's title and is liable unless he shows he turned over the thing bailed to a party with a paramount title. Pulliam v. Burlingame, 81 Mo. 111; Sherwood v. Neal, 41 Mo. App. 416; Bricker v. Stroud, 56 Mo. App. 183.

*D. C. Reeves* for respondents.

(1) The contract entered into by and between Garra K. Johnson, plaintiff, and Frank M. Ownbey, on the 7th day of October, 1901, constituted said Johnson & Ownbey partners as to the cattle in question. Whether the relation of partnership exists depends largely on the intention of the parties. Kellogg Newspaper Co. v. Farrell, 88 Mo. 594. (2) The formation of a co-partnership is one of intention by all the parties thereto, which must be arrived at from the contract itself and surrounding circumstances. Mackie v. Mott, 146 Mo. 255. (3) Each partner is possessed *per my et per tout;* or, in other words, each has a joint interest in the whole, but not a separate interest in any particular part of the partnership property. 2 Am. and Eng. Ency. of Law, 95, and cases cited therein. (4)

Where a man hires or leases animals for a certain time, with the privilege of returning the same animals or others of as good quality, the title rests in him on the delivery of the animals.  Hurd v. West, 7 Con. (N. Y.) 752; Carpenter v. Griffin, 9 Paige 310; Same case, 37 Am. Dec. 396; Wilson v. Fenney, 13 Johns. (N. Y.) 358. The increase of the said cattle were the joint property of Johnson and Ownbey.  Spooner v. Ross, 24 Mo. App. 604.  (5)  At any event the suit was not brought in the name of all the real parties in interest.  An action of trover can not be maintained in this State when the plaintiff has neither the right of property in nor the right of possession to the chattels alleged to have been converted.  Bank v. Fisher, 55 Mo. App. 54; Parker v. Rhodes, 79 Mo. 88; Myers v. Hale, 17 Mo. App. 204; Deland v. Vanstone, 26 Mo. App. 297; Spooner v. Ross, 24 Mo. App. 599; Converse v. Symms, 10 Mass. 377; Goodnight v. Thieman, 17 Mo. App. 427; Upham & Gordon v. Allen, 76 Mo. App. 206.

SMITH, P. J.—In October, 1901, the plaintiff and one F. M. Ownbey entered into a written contract by which the former ''conveyed'' to the latter sixty-eight head of cattle to be cared for and kept by such latter for five years. The contract provided that the increase was to be equally divided when two years old; that the cows should remain with the herd; that at the expiration of the five years the latter should return to the former sixty-eight head of cattle (the same being the number of the original herd conveyed to such latter) and thirty-two head of calves.  After the cattle went into Ownbey's possession under the contract, certain differences sprang up between the contracting parties in respect to the expense, management, etc., of the cattle.  It appears that fifty-six head—cows—of the herd were shipped to Prey Bros. & Cooper, a commission firm at St. Joseph—but whether shipped by plaintiff or Ownbey the evidence is in sharp conflict.  It is conceded that they were billed

by the railway carrier to one Gustavson, who was plaintiff's agent, but Ownbey testified that they were so billed contrary to his directions and against his consent. Both Gustavson and Ownbey accompanied them from the place of shipment to St. Joseph. When sold by the commission firm it was agreed between Gustavson and Ownbey that the net proceeds of the sale—$1,047.36— might be paid into the defendant bank to be handled by it as a special deposit in whatever way it saw fit pending the decision of a court, a compromise, or, some amicable settlement between the parties interested. Accordingly, the commission firm did so deposit such proceeds with the defendant bank and accompanied the deposit with a written statement setting forth the foregoing agreement between Gustavson and Ownbey.

It should have been stated that the Denver Live Stock Commission Company had previous to the arrival of the cattle notified the St. Joseph commission firm that it held a mortgage on the cattle given to it by Ownbey, and to retain the proceeds of the sale. And this fact was mentioned in the statement of the St. Joseph commission company to the bank already referred to.

It appears that shortly after the deposit was made, the bank without the consent of the plaintiff at the instance of Ownbey paid over said proceeds to the Denver Live Stock Commission Company. The plaintiff thereupon brought this action against the defendant bank and in his petition alleged that he was the owner of the said proceeds so deposited and that defendants had converted the same to their own use by paying it out to other parties not entitled thereto, without his knowledge or consent. The answer contained a general denial to which were added a number of allegations which in effect pleaded the said contract between plaintiff and Ownbey and claiming that the said proceeds belonged to Ownbey and that by his order it—the bank—had paid over the same to the Denver Live Stock Commission Company. The replication was a general denial.

The cause was tried by the court without the intervention of a jury. At the conclusion of all the evidence the court by an instruction declared that under the pleadings and evidence the finding would be for defendant, and gave judgment accordingly. The plaintiff appealed.

We think the judgment is impregnable to assault on account of any error committed by the court during the progress of the trial. We have been unable to discover any possible theory upon which the plaintiff was entitled to recover. Under the contract entered into between plaintiff and Ownbey, the latter acquired an interest in the cattle thereby conveyed; but as to the extent of that interest it is not material in the present action to inquire. It sufficiently appears that Ownbey became a joint owner of such cattle with the plaintiff. If the plaintiff were suing the defendant for the conversion of the cattle instead of for the proceeds arising from a sale of them, it is clear that he would not be entitled to recover, for the law undoubtedly is that a joint owner of personal property has no right to sue severally for its conversion. R. S. 1899, sec. 544; Little v. Harrington, 71 Mo. 390; Spooner v. Ross, 24 Mo. App. 603; Miller v. Crigler, 83 Mo. App. l. c. 406, and authorities there cited. And the same rule applies where the action is by such joint owner to replevy it from his co-owner or assignee, or a stranger, as may be seen by further reference to the authorities just cited.

And so it has been held that if a right of action is alleged to be in one there is a fatal variance where the proof shows it to be in two. Thieman v. Goodnight, 17 Mo. App. 429; Spooner v. Ross, supra; Deyerle v. Hunt, 50 Mo. App. 541; Upham v. Allen, 76 Mo. App. 206; Bruce v. Sims, 34 Mo. 246-251. And no reason is seen why this principle is not applicable in a case like this where the action is against a stranger to recover for the

unlawful conversion of the proceeds arising from the sale of joint property.

The question as to whether or not there is a defect of parties plaintiff, does not arise on the record before us. This objection, if it ever existed, was not raised in the trial court by answer or demurrer and was therefore waived (R. S. 1899, secs. 598-602; Eastin v. Joyce, 85 Mo. App. 433; Poor v. Watson, 92 Mo. App. 89); nor is the question whether or not the defendant can be permitted to show as a defense to the action that the title to the fund in issue was in whole or in part in Ownbey without connecting himself with that title.

It may be conceded that in actions of trespass and for conversion the rule is that the title in a third person is no defense unless the defendant can in some way connect himself with such third person and claim under him. Brown v. Shaw, 51 Minn. 266; Wheeler v. Lawson, 103 N. Y. 40; Steele v. Schricker, 55 Wis. 134; Jones v. Kellogg, 51 Kan. 263, and authorities there cited; Jaggard on Torts, p. 713. And it may, too, be conceded that the rule as to a bailee is that he is estopped to dispute the bailor's title and is liable, unless he shows he has turned the bailment over to a party with a paramount title. Pulliam v. Burlingame, 81 Mo. 111; Sherwood v. Neal, 41 Mo. App. 416; Bricker v. Stroud, 56 Mo. App. 183. But these principles have no application to, or bearing on, the question we are now considering.

The precise question here is, whether or not since the plaintiff has alleged a cause of action to be in himself—alleged that the ownership of the proceeds of the sale, the subject of the conversion, was in him — and since the proof shows that such ownership was not in him but jointly in him and Ownbey, there is not such a variance as will preclude a recovery? This question, we think, must be resolved in the affirmative, because the title or right of action alleged was constitutive and should have been, as it was not, proved as alleged. Upham v. Allen, supra; Deyerle v. Hunt, supra;

Spooner v. Ross, supra; Bruce v. Sims, 34 Mo. 246; Seibert v. Allen, 61 Mo. 482; Bank v. Armstrong, 62 Mo. 59; Weil v. Posten, 77 Mo. 287.

The judgment was for the right party and must be affirmed. All concur.