# W. S. SMITH, Respondent, v. CHAS. SOUTHERN, Appellant.

### Springfield Court of Appeals, January 14, 1922.

1. **TENANCY IN COMMON: Exceptions to Rule Against Action Between Joint Owner for Conversion Stated.** Exceptions to the general rule that one joint owner cannot maintain action for conversion against the other, are where the property is personalty, and one of the owners so appropriates the property as to render its future use to his co-owner impossible, and where a chattel owned in common is separable in respect to its quantity and quality by weight or measure, and the co-owner in possession refuses demand of the other for his share.

2. **TRIAL**: Instruction for Plaintiff, Ignoring Defendant's Defense Supported by Evidence, Error. Giving an instruction to find for plaintiff on the finding of certain facts, which ignores defendant's defense, supported by evidence, is error.

3. ———: Instruction, Submitting Defense Supported by Evidence, to be Given, Notwithstanding Plaintiff's Evidence. Defendant's requested instruction, submitting his defense supported by evidence, must be given notwithstanding plaintiff's evidence.

4. **APPEAL AND ERROR**: Assignment not Mentioned in Brief Not Considered. Appellant will be considered as not relying on an assignment of error to admission and exclusion of evidence; he not pointing out the evidence, nad not mentioning the assignment in his brief proper.

Appeal from the Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*McKay & Medling* for appellant.

(1) Under the facts as disclosed by the testimony in this case respondent and appellant were the joint owners of the property sued for and a joint owner of personal property has no right to sue severally for its conversion, and this rule applies to an action against his co-owner. Johnson v. Stock Yards Bank, 102 Mo. 395. (2) Instructions which ignore or exclude issues, theories or defenses from the consideration of the jury are erroneous. Tinkle v. St. Louis, etc. R. Co., 212 Mo. 445; Austin v. St. Louis Transit Co., 115 Mo. App. 146; Bagley v. Harmon, 91 Mo. App. 22; Ern v. Rubenstein, 72 Mo. App. 337. (3) It is the duty of the court to submit to the jury, and give instructions thereon any issue, theory or defense which the evidence tends to support. Kirchner v. Collins, 152 Mo. 394; Coleman v. Roberts, 1 Mo. 97; Clapper v. Mendell, 96 Mo. App. 40; Kraft v. McCord, 32 Mo. App. 399.

No brief filed by respondent.

BRADLEY, J.—This cause originated in a justice of the peace court to recover $240 for the alleged conversion of some cotton. Plaintiff was successful in the justice court and defendant appealed to the circuit court. There on trial before the court and a jury plaintiff obtained a judgment for $100, and defendant appealed.

Plaintiff in 1919 rented fifteen acres of land from defendant and as rental was to give one-fourth of the cotton and one-third of the corn. The whole fifteen acres, however, were cultivated in cotton. On July 31, 1919, plaintiff gave his note for $156 due in three months with one Wells as surety, to the Cotton Exchange Bank of Steele, Mo. Plaintiff gave Wells a mortgage on his three-fourths interest in the cotton to secure Wells for going his surety. October 16th thereafter plaintiff and defendant made a deal whereby defendant took up the $156 note at the bank, and plaintiff turned over to defendant the remainder of plaintiff's three-fourths interest in the cotton not then disposed of. Plaintiff says that defendant was to take possession of the cotton, gather and market it *until* defendant was reimbursed for taking up the $156 note, and if there was any *cotton* left after being so reimbursed, the *cotton* was to be turned back to plaintiff. Defendant says that he was to take the cotton, all of it, gather and market it, and if there was any *money* left over after he was reimbursed, that, whatever amount it was, it was to be turned over to plaintiff. Plaintiff says that notwithstanding the agreement, defendant did not take the immediate possession of the cotton, but that he, plaintiff, continued to gather it and market it as he had been doing prior to the deal of October 19th, and that he paid to defendant the $156 to reimburse him for taking up the note at the bank, and that after plaintiff had so paid defendant, that defendant took charge of the cotton, and converted it to his own use. Defendant denies that plaintiff had paid him, and says that he gathered and sold the cotton, but lacked $1.90 getting enough out of it to pay the expenses and the $156 note.

Defendant makes several assignments but for the purposes of this opinion these may be stated thus: (1) There is no evidence to support the verdict; (2) that error was committed in the giving and refusing of instructions; (3) that error was committed in the admission and the exclusion of evidence.

Defendant requested a peremptory instruction at the close of the whole case which was refused. Defendant contents that the evidence conclusively established that plaintiff and defendant were joint owners of the cotton, and that one joint owner cannot as a general rule maintain conversion against his co-owner. Defendant is correct in his statement of the general rule. [Johnson v. Stock Yard Bank, 102 Mo. App. 395, 76 S. W. 699; Sheffler v. Mudd, 71 Mo. App. 78; Merrill v. Mason, 159 Mo. App. 605, 141 S. W. 454.] These cases and others recognize an exception to this general rule to this effect: Where two persons have a joint interest in the whole of an article of personal property and not a separate interest in any particular part thereof, the one out of possession cannot maintain conversion against his co-owner unless the co-owner so appropriates the common property as to render its future use to his co-owner impossible. Also in a number of cases the courts have made an exception to the general rule, and have held that where a chattel owned in common is separable in respect to quantity and quality and by weight or measure one co-owner may demand his share from his co-owner in possession and on his refusal to deliver may maintain trover for the conversion. [28 Am. & Eng. Ency. of Law, 715, and cases there cited.] We find no case from our own State directly upon either exception mentioned, but from the cases cited, supra, it is plain that the courts of this State recognize the exceptions to the general rule. And we think that the facts in the instant case fall within either exception mentioned, and especially the second one. This being our conclusion we rule that defendant's peremptory request was properly refused. It appears by additional abstract of plaintiff

that defendant did not make complaint of the refusal of his peremptory request in his motion for a new trial, and plaintiff contends that defendant, if he had any ground to support his peremptory request, had waived it. This perhaps is true, and we have decided that point only in view of another trial.

Defendant predicates error upon plaintiff's instruction 1. This instruction is as follows: "The court instructs the jury that if you find and believe from the evidence in this case that the plaintiff, W. S. Smith, was the owner and in possession of the seed cotton mentioned in evidence, and that the defendant, Chas. Southern, against the will and against the consent of plaintiff took said cotton and converted it to his own use, by selling said cotton and keeping the proceeds arising from the sale of said cotton, then you will find the issues for the plaintiff and assess his damages in such sum as you may find and believe from the evidence to have been the reasonable market value of said cotton at the time defendant took said cotton and sold it, less the expense of gathering and marketing the same, not to exceed however, the sum of $240."

Defendant says that this instruction wholly ignores his defense and his theory of the deal that the cotton was turned over to him to dispose of, and that he was to account to plaintiff for any proceeds over the expenses and the $156 note. There is no doubt but that this instruction ignores defendant's theory of the deal. Defendant requested an instruction embodying his theory and was refused. Plaintiff says there was abundant evidence to show that he had settled in full with defendant, and that defendant had said "that is all you owe me—go ahead and pick your cotton." This in no way excuses the failure of plaintiff's instruction to recognize the defense, and it certainly in no way justifies the refusal of defendant's instruction in which he sought to submit his defense. If the cotton was turned over to defendant as he says then he is not liable in conversion, and he had a right to have his theory submitted.

Defendant assigns as error that the trial court admitted and excluded certain evidence. Defendant does not point out the evidence erroneously admitted or excluded and does not mention· this assignment in his brief proper, hence we take it that he does not rely upon that assignment.

For the error noted in giving an instruction for plaintiff which completely ignored the defense, and for the refusal of instructions submitting the defense, the cause should be reversed and remanded, and it is so ordered. *Cox, P. J.,* and *Farington, J.,* concur.