Major, Adm., v. Bukley and Peacher.

SAMUEL C. MAJOR, Administrator of JOHN E. LISLE deceased, Appellant, *vs.* CHARLES BUKLEY and WILLIAM PEACHER, Respondents.

1. *Vendor's lien—Notice, what constitutes.*—A purchaser who at the time of sale is in possession of facts, which would put an ordinarily prudent man upon inquiry, as to the existence of a vendor's lien upon the property purchased, will be held to take subject to the lien.

2. *Vendor's lien—Security—Waiver—Estoppel.*—The recital in a conveyance of land that "The balance of the purchase money, to-wit: $1,680 is secured to be paid" is not a waiver of the lien of the vendor, nor does it estop him from asserting it.

3. *Deeds—Habendum—No essential part of.*—The *habendum* clause is no essential part of a deed. It may be entirely rejected if repugnant to the other clauses of the conveyance.

*Appeal from Howard County Circuit Court.*

*Prewitt & Major,* for Appellant.

I. The declaration in the deed of Lisle, that part of the purchase money was paid and the balance secured to be paid, was a notice to Peacher of the vendor's lien, and retained the same against him and every other person claiming through that deed. (Johnson vs. Gwathmey, 4 Lit. Ky., 317; Thornton vs. Knox, 6 B. Munr., 74.)

II. In order to discharge the lien, there must be some collateral security over and above the obligation of the purchase. (American note to Macbeth vs. Symmons, 1 W. & T. Lead. Cas. 364; Adams vs. Buchanan, 49 Mo., 64; Delassus vs. Poston, 19 Mo., 425; Sugd. on Vend., 880, note 2.)

III. The vendor's lien does not arise from contract but is given by law. It exists although an absolute deed has been made with full covenants, and although the deed acknowledges full payment of the purchase money, or a receipt of the purchase money be indorsed on the deed, if in fact it has not been paid. (Am. note to Macbeth vs. Symmons. *Ubi supra.*) And if the purchaser from the vendee have notice of the fact he is bound by the lien.

IV. If the covenant of warranty in this deed against the claims of the vendor and all others could have the effect to discharge the lien, then very few vendors in this State would have

a lien, for nearly every deed has a covenant of warranty or at least contains the words "grant, bargain and sell," which import that the land is free from incumbrance done *or suffered* by the grantor. (1 W. S., 274, §8.)

*Edwards & Son with Herndon*, Attys. for Respondent.

It is a well settled principle of law in this State, that where the vendor of real estate takes collateral security for the purchase money of real estate, or any part thereof, he thereby waives his vendor's lien on said real estate. (Durette vs. Briggs, 47 Mo., 356, and authorities cited.)

The recital of said deed from Lisle to Bukley " That the balance of said purchase money, to wit: one thousand six hundred and eighty dollars, is secured to be paid," is a waiver of the vendor's lien, and the plaintiff is estopped thereby from denying that any part of said purchase money was unpaid, and said words act as an estoppel against the plaintiff. (Durette vs. Briggs, 47 Mo., 360.)

The grantor in a deed is considered as having acknowledged under seal and in writing, the existence of the matters which he recites, and he is estopped from denying so solemn an admission. (Same case, p. 361.)

Recitals in a deed are binding on all claiming under the deed. (Douglas vs. Scott, 5 Ohio, 194; S. C. 7 Ohio, 227.) By the same rule the party making the admissions should be bound by such admissions.

Lisle by express covenant, conveyed the land to the Bukleys " free from the claim of him, the said John E. Lisle." This is an express waiver of his lien as vendor, and he is estopped by his warranty against himself from setting up his lien as vendor.

Peacher in his answer, denies all knowledge of the non-payment of any part of the purchase money. It is admitted in the record that there is no evidence tending to show that he had such notice, apart from the implied notice in the deed from Lisle to the Bukleys, and unless the deed imparts notice there is no lien.

Although there might have been positive proof that Peacher knew that the purchase money had not been paid, this fact would give the plaintiff no right to recover against Peacher. Lisle waived his right to look to the land for payment of the purchase money. First, by stating in his deed that "The balance of the purchase money was secured to be paid." Second. By conveying the land "free from all claim of himself." Lisle is estopped from claiming a lien on the land as vendor, for this claim is expressly in the teeth of his warranty as against himself.

SHERWOOD, Judge, delivered the opinion of the court.

The facts in this case as disclosed by the record are these : John E. Lisle on the 17th day of October, 1867, by his deed of that date, conveyed to Charles Bukley and Anna, his wife, certain lands in Howard county, Missouri. This deed, which was duly acknowledged on the same day, and filed for record on the 5th of the following November, recites "that the said John E. Lisle, party hereto of the first part, for and in consideration of the sum of two thousand two hundred and forty dollars ; five hundred and sixty dollars part thereof cash in hand paid by the said Charles Bukley and Anna his wife, the receipt whereof is hereby acknowledged ; the balance of the said purchase money to-wit : One thousand six hundred and eighty dollars is secured to be paid, he the said John E. Lisle hath sold and by this deed does hereby grant, bargain, sell alien, release and convey unto them, the said Charles Bukley and Anna, his wife, the following described lands, &c., &c., and concludes with a *habendum* clause, in the words :

"To have and to hold said lands, with all and singular, the appurtenances thereto attached and belonging unto them the said Charles Bukley and Anna Bukley his wife, free from the claim of him, the said John E. Lisle, and also free from the claim or claims of all and every person whatsoever."

Lisle afterwards died ; Samuel C. Major became the administrator of his estate, and the residue of the purchase money, eleven hundred and twenty dollars, being due and unpaid,

said Administrator brought his suit in the Circuit Court of Howard County against Charles Bukley and William J. Peacher, (the latter having purchased the land from Bukley and wife) to enforce the vendor's lien for the unpaid purchase money.

The petition after reciting the facts above set forth, charges that Peacher, with full knowledge that the balance of the purchase money had not been paid, bought the land from Bukley and wife and received a conveyance from them therefor.

Bukley failing to appear, judgment was taken against him by default.

Peacher appeared and filed his separate answer, denying that he purchased with knowledge that the purchase money or any part of it remained unpaid, and claiming that the deed above referred to, dated October 17th, 1867, from Lisle to Bukley and wife, by its terms, released the lands therein conveyed from any lien for unpaid purchase money so that Bukley and wife could sell and convey the same; that the land having been thus released, was not bound for any portion of the purchase money, that it could not be sold for this purpose, as the deed showed that said purchase money was "secured to be paid."

The defendant filed a replication, denying all the material allegations of defendant, Peacher's answer.

The cause was tried by the court and the deed from Lisle to Buckley and wife, as well as the deed from the latter to Peacher, dated November 5th, 1867, and acknowledged and recorded on the 28th of the same month, were read in evidence. Testimony was also introduced showing that the purchase money as claimed in plaintiff's petition, was due and unpaid; that no collateral security of any kind had ever been given, and that no one had informed Peacher of the non-payment of the purchase money until after he had purchased and paid for the land. This was all the evidence. Thereupon the court found for the defendant, and that Peacher had no notice that any part of the purchase money due to Lisle by Bukley and wife was unpaid, and that, therefore, the plaintiff had no vendor's lien on the land as against Peacher, and refused to en-

Major, Adm., v. Bukley and Peacher.

force the same, and judgment was entered in conformity to such finding; to which plaintiff excepted and filed his motion to set aside this finding, and for a new trial, alleging as grounds therefor:

That the finding was against the law and against the facts, and that the deed created a vendors' lien on the land and was notice thereof to the purchaser. This motion being overruled, plaintiff again excepted and brings this case here by appeal.

The court which tried this case seems to have been entirely at a loss as to the doctrine respecting vendors' liens, and the manner in which those liens affect subsequent purchasers.

Because "*no one had informed Peacher*" of the fact that the purchase money was unpaid, and because he did not happen to have actual knowledge of it, the court finds that "he had no notice."

It is a maxim of universal recognition in equity jurisprudence "that he who takes with notice of an equity, takes subject to that equity."

Notice, in this connection, does not mean positive information brought directly home to the party sought to be charged therewith, and affected thereby; but any fact that would put an ordinarily prudent man upon inquiry is notice.

The authorities on this subject are unbroken in their uniformity. But in this case we are not driven to any nice discrimination between circumstances which would and those which would not put a man of ordinary prudence on the alert, for the vendor Lisle, *by the very terms of his deed* to Bukley and wife, has made *public* and *constant* assertion of his lien and claim for the payment of his debt.

But it is urged on the behalf of the respondents that the words "the balance of the said purchase money to-wit: one thousand, six hundred and eighty dollars is secured to be paid," which Lisle employed in that deed to both proclaim and protect his rights instead of having the effect desired, will overthrow and destroy the very interests they were intended to subserve.

Such a position as this is clearly untenable and has not the

sanction of either reason or authority in its support. If such a doctrine as this should prevail, vendors' liens would soon become plants of delicate and exotic growth.

In Johnston *vs.* Gwathmey, 4 Litt., 318, this language is used:

" In the case now under consideration, the conveyance from Gabriel J. Johnston to Gwathmey, was executed on the 17th September, 1817, and recites the consideration in the following words:

" For and in consideration of the sum of $2,500 *secured* to be paid' by him, the said Gwathmey, at the following periods to-wit : $400 on the 3d day of March, 1818; $400 on the 3d day of June next, 1818; $400 on the 3d day of September next, 1818 ; $650 on the 3d day of September, 1819, and $650 on the 3d day of September, 1820, the receipt of which se. curity is hereby acknowledged." On the 11th day of December, 1818, not two months after the execution of the conveyance, Gwathmey sold and conveyed the lot to Campbell. That conveyance recites the consideration as paid, and further declares that it is the same lot that was conveyed to the said John Gwathmey by Gabriel Jones Johnson and Elizabeth his wife, by indenture and deed, bearing date the 17th day of September, 1817," which *prima facie* amounts to express notice." The court, in that case, scouts the idea that the words " secured" and " security" meant personal security, which removed the lien.

It is further urged on the part of the respondent, that the *habendum* clause in the deed from Lisle to Bukley and wife, is an express waiver of lien and Lisle is estopped thereby.

This position we regard equally as untenable as the first. The *habendum* is no essential part of the deed. It merely denotes the extent of the estate granted ; in modern conveyancing it is almost practically obsolete, and may be entirely rejected it repugnant to the other clauses of the conveyance.

Numerous authorities might be cited in full accord with Johnston vs. Gwathmey, *supra,* and there is nothing in the authorities cited by counsel for respondent, which at all militates against the views here expressed.

For these reasons the Circuit Court clearly erred in refusing upon the evidence to find that Peacher was a purchaser with notice, and its judgment is therefore reversed and the cause remanded.

Judge Adams not sitting. The other Judges concur.