DONNAN v. THE INTELLIGENCER PRINTING AND PUBLISHING COMPANY, *et al., Appellants.*

1. **Deeds, Construction of:** GRANTING CLAUSE PREVAILS. If there is a conflict between the granting clause and other parts of a deed, the latter must give way. Thus: where in a deed of trust the granting clause described the subject matter of the conveyance as an undivided two-thirds interest, and a subsequent clause empowered the trustee, upon condition broken, to sell the whole of the property; *Held*, that the trustee could only make title to an undivided two-thirds interest.

2. **Pleading:** DEFECT OF PARTIES. The objection of defect of parties, if it appears on the face of the petition, should be raised by demurrer, if it does not so appear, by answer, and if not so raised it will be deemed waived.

3. **Estoppel:** DEED OF TRUST. In a suit to foreclose a deed of trust given to secure two notes, one of the defendants by separate answer asserted absolute title in his co-defendant. He had already sold the property to his co-defendant with warranty of title. A foreclosure having been ordered; *Held*, that these facts estopped him to claim the benefit of the foreclosure as owner of one of the two notes.

*Appeal from Lafayette Circuit Court.*—Hon. Wm. T. Wood, Judge.

Affirmed.

This is a suit brought by Andrew Donnan against the Intelligencer Printing & Publishing Company, Wm. G. Musgrove and John R. Reavis, to foreclose a deed of trust upon an interest in certain printing presses and other articles constituting the furniture and equipment of a printing office. Defendant, Musgrove, was originally the owner of all the property. He sold it to Donan, Reavis & Donnan, a firm composed of Peter Donan, Andrew F. Donnan and the defendant, Reavis, who gave their joint note for $3,000 for part of the purchase money, and to secure the payment of this note executed a deed of trust to one Allen as trustee, the granting clause of which described the property conveyed as "the undivided two-thirds interest of, in and to each and every of the following articles," (describing the property in controversy,) while another clause stipulated that until condition broken the property should remain in possession of the grantors, but after condition broken the trustee "may, in person or by agent, take pos session of the whole of said property    *    *   . and sell the same on the terms, notice and for the purpose as hereinbefore stated," and a third clause declared that the deed was given to secure "the balance of the purchase money remaining unpaid for the whole property." This deed was acknowledged and recorded May 16th, 1874. Previous to this, said Andrew F. Donnan had borrowed $500 of plaintiff and had given his note for the amount; and on the 8th day of February, 1875, the firm borrowed $500 of one Stephen G. Wentworth, giving their note for the amount. To secure these notes defendant Reavis and said Andrew F. Donnan, on the 8th day of February, 1875, executed a deed of trust whereby they conveyed to one Wm. Wentworth property described as "our entire interest in "

the same property covered by the first conveyance. This was acknowledged and recorded February 9th, 1875. Defendant Musgrove afterwards purchased of Wentworth his $500 note. Default was then made in the payment of the $3,000 note, and Musgrove caused the deed of trust securing the same to be foreclosed. At the sale he became the purchaser, and afterwards sold to the Intelligencer Printing & Publishing Company. His bill of sale purported to convey all of the property in controversy, and contained a clause of warranty of title to the whole. The purchase money was paid by the company in 150 shares of its own stock.

The pleadings need not be particularly noticed, except the separate answer of Musgrove, which, among other things, averred that the trustee in the first deed of trust had sold and conveyed to him the whole of the property, and that afterwards he had sold and conveyed the whole of it to his co-defendant, the Intelligencer Printing & Publishing Company, "who is now the owner of and entitled to the possession of said property," and denying the right of plaintiff to have any relief, prayed the court to protect the rights of himself and the interests of the company, and to declare the title of the property to be in the company.

At the trial the defendant objected to the introduction of any evidence by the plaintiff on the ground that neither the grantors in the deed of trust sought to be foreclosed, nor the maker of the note secured by it, nor the trustee, were made parties defendant to the suit. This objection was overruled by the court and evidence having been heard on both sides, the court found that the plaintiff was entitled to have the deed of trust foreclosed on an undivided two-ninths interest in said property, and decreed accordingly. Defendant, Musgrove, claimed that if there was to be a foreclosure he was entitled, by virtue of his ownership of the $500 note originally held by Wentworth, to share the proceeds of the sale equally with plaintiff, but the court

held him estopped to make such claim by reason of his bill of sale with warranty, and his acts and doings with reference to said property, as well as by the foregoing averments of his answer; and ordered the sale to be made for the plaintiff's sole benefit. From this decree the defendants appealed.

*Ryland & Ryland* for appellants.

1. The deed of trust conveyed to Allen two-thirds of each article of the property, with power to sell the whole property, upon default in any condition thereof. A power coupled with an interest and to secure the unpaid purchase money on the whole property is thus created; and the use of the word "whole," as recited in said deed of trust in connection with the unpaid purchase money, shows that the power given to the trustee to take possession of the whole property and sell the same, was rightfully exercised by the trustee. *Steele v. Farber*, 37 Mo. 71; 4 Cruise's Dig., (Greenl. Ed.) side pp. 133, 137; 4 Kent Comm., (8 Ed.) side pp. 316, 322; Sugden Powers, (3 Am. Ed.) 563, § 31, side p. 526; *Gentry v. Robinson*, 55 Mo. 263; *McKnight v. Wimer*, 38 Mo. 137.

2. The surrender of the property by the grantors to the trustee for sale, the actual sale and delivery by the trustee to Musgrove demonstrate beyond doubt the construction placed on said deed by all the parties thereto, and that the title to the whole property passed under the sale made by Allen in execution of the power. *Reilly v. Chouquette*, 18 Mo. 220. As there can be no sale of personal property without delivery, in order to convey a good title, it was a wise provision in the trust deed to authorize the trustee to take possession of, and sell the whole property, and thus be in position to make the sale complete by delivery. It is an impossibility to deliver possession of an undivided interest in personal property without delivering the whole property. An action of replevin cannot be

maintained by one joint owner against another. *Cross v. Hulett,* 53 Mo. 397. As a general rule no one desires to purchase such an interest in personal property. Donan, Reavis & Donnan, foreseeing the difficulties attending the sale of an undivided interest in the property, and being the sole owners thereof, empowered the trustee to sell the whole.

3. Neither the said trustee nor the grantors in said deed of trust are made parties. The necessity for such parties being made defendants is not overcome by any allegation of the petition. The legal title to the property, so far as this deed of trust was concerned, was in the trustee, Wentworth. *State v. Koch,* 47 Mo. 582 ; *Bergesch v. Keevil,* 19 Mo. 127 ; *Pace v. Pierce,* 49 Mo. 393 ; *Lacey v. Giboney,* 36 Mo. 320 ; *Robertson v. Campbell,* 8 Mo. 365, 615 ; Story Eq. Plead., §§ 201, 207, 209, 236 ; 2 Story Eq. Jur., § 1526. Had there been a sale under the decree, the purchaser would have obtained not a title, either legal or equitable, but at best only a barren right to proceed in equity against trustee and *cestuis que trust. Siemers v. Kleeburg,* 56 Mo. 196. The title would still remain in the trustee. *Bergesch v. Keevil,* 19 Mo. 127 ; *State v. Koch* 47 Mo. 582.

4. The court erred in refusing to ascertain the amount due Musgrove on the note transferred to him by Wentworth. It is admitted to be due ; the prayer of the petition is, that the amount due be ascertained and the property conveyed be sold to pay the same, with amount due plaintiff. It was a partnership debt of Donan, Reavis & Donnan, and the property conveyed to secure it was partnership property, while the debt of plaintiff was an individual debt due him from his son. *Hilliker v. Francisco,* 65 Mo. 598 ; Story on Part., (4 Ed.) § 363, p. 572, note 2 ; 3 Kent's Comm. Lec., 53, pp. 64, 65 (4 Ed.) ; *Carlisle v. Mulhern,* 19 Mo. 56 ; *Matthews v. Hunter,* 67 Mo. 293 ; *Wilder v. Keeler,* 3 Paige 167 ; *Payne v. Matthews,* 6 Paige 19.

5. Musgrove is not estopped from having his debt enforced against the property because he had sold it to the

Intelligencer company by bill of sale with warranty. The company pleads no estoppel and asserts no rights in antagonism to him. If the plaintiff's position be true that Musgrove only acquired title to two-thirds of the property by virtue of the conveyance to Allen, trustee, and the foreclosure thereunder, then by acquiring the note given to Wentworth he was equally, to say the least, entitled with plaintiff to share the proceeds of the sale of the two-ninths of the property under the deed of trust sued on, and he is entitled to assert this right so as to make good *pro tanto*, his conveyance to the Intelligencer company, which was also virtually to himself, for the bill of sale recites that the consideration paid was shares of stock in said corporation, and that which affects the title of the corporation in like manner affects the rights of Musgrove. If his sale did not pass the title, then he is entitled, for his own protection, and that of the grantee, to insist upon the lien and benefits of his deed of trust. *State v. Koch*, 47 Mo. 582; *Bergesch v. Kcevil*, 19 Mo. 127; *Robertson v. Campbell*, 8 Mo. 365, 615.

*Alex. Graves* for respondent.

1. The deed of trust executed by Donan, Reavis & Donnan, to Musgrove, only authorized a sale by trustee of an undivided two-thirds interest in the property therein embraced. 1 Chitty's Blackstone (Ed. 1876) top page 241; *Major v. Bukley*, 51 Mo. 232; *Mott v. Richtmyer*, 57 N. Y. 63; 3 Washburn on Real Prop., (4 Am. Ed.) 367, §·7; Id, p. 436, §§ 60, 61, 62, 63; 1 Chitty on Cont., (11 Am. Ed., 122; Bishop on Cont., §§ 593, 595.

2. The court could not, upon the averments in the answer of defendant, Musgrove, and the evidence, have granted him any relief whatever. 2 Wharton's Law of Ev., 837; *Bruce v. Sims*, 34 Mo. 251; *Speck v. Riggin*, 40 Mo. 405; *Holmes v. Fresh*, 9 Mo. 214; *Holland v. Anderson*,

38 Mo. 55; *Miltenberger v. Morrison*, 39 Mo. 71; *Easley v. Prewitt*, 37 Mo. 362.; *Northcraft v. Martin*, 28 Mo. 469.

3. The appellants cannot be heard to complain now of any defect of parties. Not having raised such objection on the trial by demurrer or answer, the objection is waived. 2 Wag. Stat., § 6, p. 1014; § 10, p. 1015; *Kerr v. Bell*, 44 Mo 125.

NORTON, J.—The principal question in this case grows out of the deed of trust executed by Donan, Reavis & Donnan to Ethan Allen, as trustee, to secure defendant, Musgrove, in the sum of $3,000. The language of the granting clause in the said deed is as follows: "Do by these presents sell, bargain and convey unto said party of the second part, the following described personal property, to-wit: The undivided two-thirds interest of, in and to each and every the following described articles of property." The said property is specifically mentioned in said deed, and consists of printing presses and attachments pertaining thereto. In the *habendum* clause it is provided that upon default in the payment of the note secured by the deed, the trustee may proceed to sell said property, and also, "that until condition broken the property shall remain in the possession of the parties of the first part, but after condition broken the said Ethan Allen may, in person or by agent, take possession of the whole of said property and sell the same on the terms, notice and for the purpose as hereinbefore stated." We think the court below rightly held that the trustee could only sell and convey an undivided two-thirds interest of the property mentioned in the deed. That is certainly all that passed to the trustee under the granting clause of the deed, and if it be the true construction as is contended, that the words employed in the *habendum* clause of the deed enlarged the interest thus conveyed, they must give way so far as they are inconsistent with those employed in the granting clause. *Majors v. Bukley*, 51 Mo.

*1. DEEDS, CONSTRUCTION OF: granting clause prevails.*

232; 3 Washburn on Real Prop., § 7, p. 367; Chitty on Cont., 122.

It is also urged as a ground of error that there is a defect of parties. This objection, if the defect of parties 2. PLEADING: de- appeared on the face of the petition, should fect of parties. have been taken advantage of by demurrer, or if it did not so appear, it should have been set up.in the answer, and as the defect of parties was not taken advantage of in either of these ways, it cannot be now considered; but, under the statute, must be regarded as waived. 2 Wag. Stat., § 10, p. 1015; *Kerr v. Bell*, 44 Mo. 125.

It is also assigned for error that the court refused affirmative relief to defendant, Musgrove. In this we think 3. ESTOPPEL: deed the court acted properly, for the reason that of trust. Musgrove, in his answer, asserts in effect that the Intelligencer Printing & Publishing Company was the owner by virtue of a transfer made by him to said company of all the property involved in the litigation, and in the bill of sale evidencing the transfer he warrants and agrees to defend the title of the property by him conveyed. He is, therefore, estopped from disputing the facts set up in his answer and in asking affirmative relief in opposition to his warranty of title. *Bruce v. Sims*, 34 Mo. 246; *Speck v. Riggin*, 40 Mo. 405. Judgment affirmed, in which all the judges concur.