CRAWFORD, *Appellant and Respondent*, v. AULTMAN & COMPANY *et al.*, *Respondents and Appellants*.

### Division Two, May 25, 1897.

1. **Fraud:** NEGOTIABLE NOTE: TRANSFER BEFORE MATURITY: DEED OF TRUST. A deed of trust is a mere incident of the negotiable note to secure whose payment it was given. A transfer of the note before maturity for value, therefore, also carried with it the deed of trust; and where it has been clearly shown that both note and deed of trust were obtained by fraud, a suit to set aside and cancel both, after the note has been transferred before maturity to another person who is not made a party to the suit, can not be maintained.

2. ———: PLEADINGS: JUDGMENT. The plaintiff can not state one cause of action and recover on a different one. Where plaintiff asked for the cancellation of a note and deed of trust on the ground that it was fraudulently obtained, he is not entitled to a judgment against defendant for the amount of the note.

*Appeal from Barton Circuit Court.*—HON. A. L. THOMAS, Special Judge.

REVERSED AND REMANDED.

*T. W. Ditty, Robinson, Cole, & Burnett* for appellant and respondent.

(1) Where a note secured by a deed of trust has been obtained by the payee through fraud, and the maker of the note files a sufficient bill in equity in the proper court to set aside the note and deed so obtained,

and files a sufficient notice of the pendency of said suit in the office of the recorder in the proper county, then the negotiation of said note, after filing said bill and such *lis pendens*, will not give the purchaser of such note the benefit of the security provided by the deed of trust, free from the equities existing in favor of the maker against the original payee; on the contrary, every such purchaser takes right to the security as an incident to the note, but subject to the same equities that exist in favor of the maker against the original payee. R. S. 1889, sec. 6759; *Potter v. McDowell*, 43 Mo. 93; *Johnson v. Carpenter*, 7 Minn. 176; *Mulanphy Sav. Bank v. Shott*, 135 Ill. 655; 2 Black on Judg., sec. 550; *Taber v. Fox*, 9 N. W. Rep. (Iowa) 897; *First National Bank v. Bryan*, 17 N. W. Rep. 165. (2) So far as the land is concerned a *lis pendens* binds everyone who purchases pending the litigation, whether the action be at law or in equity. *Cheever v. Minton*, 13 Am. St. Rep. 258; 12 Colo. 557. See note to this case. *Real Savings Inst. v. Collonious*, 63 Mo. 290; *Jacob v. Smith*, 89 Mo. 673. (3) The purchaser of a note secured by a mortgage takes the security subject to all the equities fastened upon it by stipulation or recital contained in any recorded instrument which forms a part of the chain of title. *Orrick v. Durham*, 79 Mo. 174; Bennett on Lis Pendens, sec. 281. (4) The doctrine that the record imparts notice runs through all the principal authorities, which hold that "the mortgage is but an incident of the note, partakes of its negotiability, and passes to a purchaser free from equities." *Hagerman v. Sutton*, 91 Mo. 532; *Anderson v. Baumgartner*, 27 Mo. 87; *Joerdon v. Schrimpf*, 77 Mo. 287. (5) The court had the subject-matter of the suit within its grasp; had jurisdiction of that, and likewise of the parties; and the doctrine is too well settled to admit of either discussion or dispute, that when a

court of equity has once acquired jurisdiction of a case it will not relax its grasp to the *res* until it shall have avoided a multiplicity of suits by doing full, adequate, and complete justice between the parties. *Real Savings Inst. v. Collonious*, 63 Mo. 290; *Corby v. Bean*, 44 Mo. 379; *Rozier v. Griffiths*, 31 Mo. 171; *Keeton v. Spradling*, 13 Mo. 321; *Primm v. Raboteau*, 56 Mo. 407; *McDaniel v. Lee*, 37 Mo. 204. (6) Where a deed of trust was procured by fraud, by which the maker was led to sign such deed under the belief that the paper she was signing was a mere formal matter, and not a deed of trust, and the evidence shows such deed of trust was never in fact acknowledged by the maker, although the party guilty of the fraud indorsed a certificate of acknowledgment on such deed, its record imparts no new validity to it, and it is of no more force or effect in the hands of the assignee of the note which it secures, than it would be in the hands of the fraudulent payee of such note.

*McCluer & Bowling* for respondents and appellants.

(1) The rule that under the general prayer for relief a party may have any relief to which he may show himself entitled, is limited to relief founded on and consistent with the facts set out in the bill, and not such as may be proven at the hearing. *Newham v. Kenton*, 79 Mo. 382; *Central National Bank v. Doran*, 109 Mo. 40; *Reed v. Bott*, 100 Mo. 62; *Ross v. Ross*, 81 Mo. 84. (2) Plaintiff could not recover the amount of the note for the reason that she had not paid same, was refusing to pay, and even had the enforcement of same enjoined. She should not, in a court of equity, be allowed to recover the amount of the note, and still refuse to pay same. *Whelan v. Reilly*, 61 Mo. 565.

(3) Graff should have been made a party defendant so that the whole controversy might be settled in the one suit. *Hare v. Hadley*, 28 Atlantic, 452; *Butler v. Lawson*, 72 Mo. 227; *O'Fallon v. Clopton*, 89 Mo. 284; *Hayden v. Marmaduke*, 19 Mo. 403. (4) This being a suit in equity the court will examine the evidence, and the defendant respectfully submits that the overwhelming burden of proof shows that no fraud whatever was perpetrated by the agent of the defendant, but that the entire transaction was fair; that the matter was conducted in the ordinary way of securing claims and without fraud. (5) A promise to pay a debt barred by the statutes of limitations is based on a good consideration. *Glover v. Cheatham*, 19 Mo. App. 661; 1 Daniel on Neg. Instruments, sec. 182; Story on Prom. Notes, sec. 185; *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Boeckler v. McGowan*, 9 Mo. App. 373; *Meyers v. Van Wagoner*, 56 Mo. 115; *Meads v. Hutchinson*, 111 Mo. 620. (6) There was no notice given that the deposition of M. E. Johnson, taken in the injunction case, would be offered in this case, and same was not filed in this case, and should have been excluded. *Samuel v. Withers*, 16 Mo. 541. (7) The note and mortgage are held by an innocent purchaser, and the courts have always held that ownership of negotiable instruments is not affected by *lis pendens*. *Keiffer v. Ehler*, 18 Pa. St. 388; *Carr v. Lewis Coal Co.*, 96 Mo. 158; s. c., 15 Mo. App. 555. (8) This note was out of the jurisdiction of the court when the suit was commenced. Even if removed after suit commenced it would be sold free of any equities. If *lis pendens* applied it would not be good beyond the limits of the State of Missouri. *Car v. Lewis Coal Co.*, 96 Mo. 149; *Shelton v. Johnson*, 70 Am. Dec. 263. (9) An assignment of a note carries with it the security for the same without any transfer of same. *Boatmen's Sav-*

*ings Bank v. Grewe*, 84 Mo. 477; *Anderson v. Baum-gartner*, 27 Mo. 87.

BURGESS, J.—This is a suit in equity, the object being, as appears from the allegations of plaintiff's petition, to set aside and cancel a certain note for $823, executed by plaintiff to C. Aultman & Company on the fifteenth day of September, 1891, due ninety days after its date, and a deed of trust executed at the same time by her to one H. H. McCluer as trustee for said Aultman & Company on a tract of land in Barton county, Missouri, to secure its payment, upon the ground that they were obtained by fraud and fraudulent representations.

The trial resulted in a judgment and decree by which Aultman & Company were required to pay to plaintiff the principal of said note, together with eight per cent interest on the same from its date to its maturity, which amounted to $836, and an order that execution issue against said company therefor. Both plaintiff and Aultman & Company appeal.

The material allegations of the petition are as follows:

"Plaintiff states that heretofore, to wit, on the 15th day of September, 1891, she was the owner in fee of a certain tract of land, situated in the county of Barton, in said State, of the value of fifteen hundred dollars; that said land was bought with the proceeds of life insurance of her husband now deceased, taken out and made payable to her at his death. That defendants, desirous of obtaining possesion of said land, fraudulently and wickedly devised a scheme by which they might obtain possession thereof, acquire a lien thereon, and acquire the title thereto, without paying to plaintiff the value thereof. That said land is described as follows, to wit:

" 'The south half of the northwest quarter of section number 32, except twenty acres off the east side thereof, and also the north half of the northwest quarter of section number 32, except twenty acres off the east side thereof and except, also, ten acres off the west side thereof, all in township number 31, of range number 32, containing in all one hundred and ten acres, more or less.'

"Plaintiff states that she is, and was at the date aforesaid, in bad health; that she is the mother of five children, all under the age of eighteen years; that within the past six months she lost her husband by death; that by reason of the cares and responsibilities upon her thrown, and by reason of the mental suffering to her caused by her husband's death, as aforesaid, and by reason of her ill health, as aforesaid, she is, and was, incapacitated from carefully and properly attending to business; that the defendant, C. Aultman & Co., by their agent, one Geo. E. Bowling, taking advantage of plaintiff's said incapacity, wickedly, falsely, and fraudulently did represent to the plaintiff that they were possessed of and held a legal, valid, and subsisting claim against her said above described land; that said claim would be at once enforced against said land and the land sold to pay the same; that by plaintiff executing a deed of trust upon said premises for the use and benefit of said C. Aultman & Co., for the sum of eight hundred and twenty-three dollars, plaintiff would save her said land, otherwise it would be lost to her; that they would serve papers on her, the same as an execution, immediately. That after the representations made as aforesaid were made as aforesaid plaintiff asked the said Geo. E. Bowling, agent as aforesaid, if he would not give plaintiff time to consult an attorney, to which said Bowling replied, that if plaintiff did not execute the deed of trust on the

land, he would have papers served to take the land away from her immediately; that if plaintiff consulted an honorable attorney, such attorney would tell plaintiff the same that he had told her; that if plaintiff consulted a dishonorable attorney such attorney would advise her to fight the claim for the sake of the fees; that he, Bowling, was advising plaintiff for her best interests just as if she was his mother or sister; that he was an honorable man and a lawyer and thereupon named John Dickinson and Mr. —— Letton, and other citizens of high repute and neighbors of plaintiff, as persons knowing him, Bowling, to be a lawyer and an honorable man. That by plaintiff executing a deed of trust on said premises for the use and benefit of said C. Aultman & Co., plaintiff would save a great amount of money and would be held harmless from a large amount of costs and expenses and would thereby gain a position of security and safety that she would not otherwise enjoy, by which fraudulent, false, and wicked representations, and terrified thereby, plaintiff was induced, without any consideration whatever, and in entire ignorance of the nature of the instrument which she was executing, to sign, seal, and deliver a deed of trust upon said land, etc.    *    *    *

"And also to execute the promissory note in the aforesaid deed of trust described. Plaintiff says that all of said representations made as aforesaid by the defendants, C. Aultman & Co., and by their agent, Geo. E. Bowling, were false, and were known by said parties so to be at the time they were made, and when said deed of trust and note were executed and delivered by plaintiff as aforesaid. Plaintiff further states that said conveyance has been recorded in the recorder's office within and for the county of Barton aforesaid, in book 69, at page 312, and that the defendant, C. Aultman & Co., is a foreign corporation. That at the

instance of said C. Aultman & Co., defendants and of Geo. E. Bowling, the agent of said defendants, and representing them as such agent, one H. H. McCluer, was made trustee in said deed of trust and his name inserted in said deed of trust as the grantee of the legal title of said land without the knowledge or consent of this plaintiff and for the purpose of carrying into effect the fraudulent designs and purposes of the defendant, C. Aultman & Co., as against this plaintiff. That said H. H. McCluer is a partner in business with the said Geo. E. Bowling and was at the time that said deed was procured from plaintiff. * * * That said C. Aultman & Co. have no property within the jurisdiction of this court out of which a judgment for damages could be collected. That their said agent, Geo. E. Bowling, is insolvent.

"Wherefore plaintiff prays that the said deed of trust be set aside and for naught held; that all interests acquired by the defendants or either of them in or to said land, by or through said deed of trust be divested out of defendants and vested in plaintiff, that said note be canceled or by the decree of this court for naught held, and for all such other and further relief as to the court shall seem meet and just in the premises."

Defendants Aultman & Company answered separately, and admit the execution of the note and deed of trust as alleged in the petition, but deny all other allegations. The answer then alleges that the note and deed of trust are based upon a good and valuable consideration, and that they were taken to secure a just debt due to said Aultman & Company; that said note was a negotiable promissory note, and that before the maturity of the same, to wit, on the ——— day of September, 1891, it was sold and delivered by them to one Paul Graff, of Blairsville, Pennsylvania, who was an innocent purchaser of said note and deed of trust in

good faith, and is now the owner and holder thereof, and that he should be made a party to this suit.

While H. H. McCluer filed his separate answer it is in substance the same as that of Aultman & Company.

Plaintiff filed replies to the answers in which all affirmative allegations therein contained are denied.

Graff was not made a party to the suit.

The trial court found that the note and deed of trust were obtained from the plaintiff by said George E. Bowling, who was at the time the agent of Aultman & Company, by false and fraudulent representation, as alleged in the petition; and there was abundant evidence to justify it in so doing. In fact there does not seem to be any escape from such a conclusion.

Plaintiff's first assignment of error is, that the court erred in finding that the note in question had been assigned before its maturity to an innocent purchaser, and in not rendering a decree setting aside both the note and deed of trust.

There was some evidence to justify the court in finding that the note was transferred before maturity for a valuable consideration to Graff, who is not a party to this suit, consequently no judgment that might have been rendered, could have in any way affected his rights. The assignment of the note carried with it the deed of trust (*Boatmen's Bank v. Grewe*, 84 Mo. 477) and the latter is subject to such equities as existed against the note. Thus in *Mayes et al. v. Robinson*, 93 Mo. 114, it is said: "The rights of the parties are to be determined by the relation they sustain to the contract to be performed, and not by the nature of the security given for its performance. If the defendant took the note discharged of any equities to which it was subject in the hands of the payee, the deed of trust passed to him discharged of such equities to the same extent.

*Logan v. Smith,* 62 Mo. 455.   The deed of trust being incident to the note partook of the negotiability of its principal.  *Hagerman v. Sutton,* 91 Mo. 519, and authorities cited.   If the defendant was a *bona fide* holder of the note for value before maturity, without notice, he was in equal measure such *bona fide* holder of the deed of trust, and upon the evidence in the case the court was warranted in finding that the defendant was such *bona fide* holder.''

If, therefore, Graff acquired the note for a valuable consideration and in good faith before maturity, it is not subject to any defenses that may have existed against it in the hands of the original parties, and as the deed of trust passed to him as incident to the note, if the note was not subject to any defenses, neither was the deed of trust.   It follows that there is no merit in plaintiff's appeal.

Upon the appeal of Aultman & Company, however, the judgment must be reversed.   There is nothing in the petition upon which to predicate a money judgment against them, and we are unable to perceive upon what theory of the case such a judgment could have been rendered under the pleadings.   The petition is for the cancellation of the note and deed of trust, and contains no allegation that would justify the judgment rendered.

''A party can not state one cause of action or defense and recover on a different one;  he must stand upon the case made by the pleadings.''  *Weil v. Posten,* 77 Mo. 284;  *Chapman v. Callahan,* 66 Mo. 299;  *State ex rel. v. Creusbauer,* 68 Mo. 254;  *Donnan v. Intelligencer, etc., Co.,* 70 Mo. 168;  *Buffington v. Railroad,* 64 Mo. 246;  *Waldhier v. Railroad,* 71 Mo. 514;  *Edens v. Railroad,* 72 Mo. 212;  *Price v. Railroad,* 72 Mo. 414;  *Bullene v. Smith,* 73 Mo. 151;  *Ely v. Railroad,* 77 Mo. 34.   There is no question but that Aultman & Company may be held to respond for any damages sus-

tained by plaintiff by reason of any fraudulent representations of their agent while in the line of his duty under a petition properly framed for that purpose, but that they can not be so held under the petition in this case seems to us perfectly clear.

Moreover the court has acquired no jurisdiction over Graff, the alleged holder of the note, and could not of course pass upon his rights. The petition should therefore be amended by making him a party to this suit, and to otherwise conform to the views herein expressed.

The judgment is reversed and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.