**MITCHELL v. BOWLES.** (No. 1097.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 14, 1923.)

**1. Corporations ⬅262(2)—Fraud in procuring stock subscription not available against creditors of insolvent corporation.**

Fraud in procuring a stock subscription contract, which would be a good defense against the corporation as to liability on the contract or a note given thereunder for stock, is not available where the corporation has become insolvent and suit thereon is for the benefit of creditors whose rights accrued after organization of the corporation.

**2. Corporations ⬅262(2)—Organization under laws of another state than agreed not available against creditors after insolvency, where note was given under subscription contract.**

Where subscription contract was to take stock in a Texas corporation, the defense of the organization of the corporation under the laws of another state, available, in the absence of anything more, both against the corporation and its creditors after its insolvency, is not available against such creditors, where the subscriber settled the contract by making a cash payment and giving note for balance, and received stock.

**3. Corporations ⬅253—Insolvency and necessity of amounts due for stock established by judgment in receivership case.**

Judgment in receivership case against a corporation adjudging it insolvent and directing the receiver to collect unpaid subscriptions, with a recital that the company's liabilities exceeded the assets, is sufficient, in an action by the receiver on a note for balance of stock subscriptions, to establish the insolvency and the necessity of collection of all amounts due for stock.

**4. Corporations ⬅265(4) — Receiver cannot have judgment on stock subscription note in possession of persons outside court's jurisdiction and not parties to suit.**

Receiver of an insolvent corporation cannot have judgment on a stock subscription note, it appearing that it is in the possession of persons outside the court's jurisdiction, not parties to the suit and evidently holding it under some claim of right thereto.

**5. Cancellation of instruments ⬅35(3)—Holders of subscription note necessary parties to suit by maker to cancel it.**

There is a want of necessary parties to a suit against a corporation and its receiver by a subscriber for stock to cancel his subscription note, it appearing that the note is in the possession of persons outside the court's jurisdiction, not parties to the suit and evidently holding it under some claim of right thereto.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by J. C. Bowles against J. W. Mitchell, receiver, and another, with cross-action by the receiver. Judgment for plaintiff, and defendant receiver appeals. Reversed and remanded.

Marvin H. Brown, of Fort Worth, for appellant.

W. F. Schenck, of Graham, and Bean & Klett, of Lubbock, for appellee.

BOYCE, J. This case comes back to us, after a sojourn of nearly six years in the Supreme Court, for reconsideration on assignments not disposed of in our original judgment. See 192 S. W. 611, and 245 S. W. 74.

The suit was brought by J. C. Bowles, as plaintiff, against the Commonwealth Bonding & Casualty Insurance Company, and J. W. Mitchell, receiver, to cancel his note and deed of trust securing it, given in payment of his subscription for certain shares of stock in the Commonwealth Bonding & Casualty Insurance Company, and to recover a certain amount of money paid on said subscription. The defendant Mitchell answered and by cross-action sought judgment on the note and foreclosure of lien and in the alternative on plaintiff's subscription contract. The plaintiff, in answer to this cross-action, set up the same matters pleaded to sustain his action for cancellation of such contracts. This appeal is from a judgment in plaintiff's favor, canceling the note and deed of trust and against the receiver, on his cross-action.

The facts alleged and sustained by proof are as follows: Plaintiff, on September, 30, 1910, executed a contract, whereby he subscribed for 62½ shares of the capital stock of a corporation to be "incorporated in pursuance to the laws of the state of Texas, under the name of the Commonwealth Bonding & Accident Insurance Company," agreeing to pay therefor $2,500, $312.50 in cash to Stuart-Harkrider & Co. as organization expenses, and the remaining $2,187.50 to be paid to the company or its trustees, in money or securities satisfactory to the insurance department on notice from Stuart-Harkrider & Co. that the capital stock of the corporation had been subscribed so as to perfect the organization. This subscription contract was secured by false representations as to material matters, which it is not necessary to here detail. On January 31, 1911, Bowles, on representation that the corporation was ready to organize, executed and delivered to one of its organizers his note, payable to the corporation, dated December 1, 1910, payable December 1, 1915, for the $2,187.50, securing its payment by deed of trust on land in Lubbock county. The Commonwealth Bonding & Casualty Insurance Company was thereafter incorporated under the laws of the state of Arizona, by a charter filed on March 23, 1911, and some time thereafter secured a permit to do business in Texas. Certificates of stock were issued and delivered to plaintiff in June, 1911.

These did not disclose that the corporation was an Arizona corporation, and plaintiff did not discover such fact and the falsity of the representations made to him until a short while before the institution of this suit, on October 15, 1915. Plaintiff paid interest as it accrued on his notes and was represented by proxy in at least one stockholders' meeting of the corporation. On September 18, 1915, the district court of Tarrant county appointed appellant Mitchell and J. W. Hill receivers of all the property of the defendant corporation, and J. W. Mitchell was thereafter made sole receiver. A judgment was entered in the receivership case, adjudicating that the corporation was insolvent and directing the receivers to collect all unpaid subscriptions to the capital stock, reciting that the liabilities of the company would, in all reasonable probability, far exceed its assets. The receiver pleaded that he did not have possession of the plaintiff's note and deed of trust; that these were in possession of a receiver for the corporation, appointed by the courts of Arizona. Plaintiff, on the trial, offered testimony of the former secretary of the company, who remained in the service of the receiver as an employee, as follows:

"The records of the company indicate that plaintiff's notes, for which plaintiff sues, for a cancellation thereof, are on deposit with the treasurer of the state of Arizona. I do not know the exact date, but they have been so deposited since I have been secretary and treasurer, which is since March, 1913. The collaterals and securities, if any there are accompanying. said notes, are at this time attached to the notes and are in the same custody as stated above, to wit, with the treasurer of the state of Arizona."

[1, 2] If it were not for the fact of the intervening insolvency of the defendant company, the plaintiff made a good defense to liability on the subscription contract or the note on at least two grounds—fraud in securing the subscription contract and the organization of the corporation under the laws of Arizona. Medlin v. Commonwealth Bonding & Casualty Co. (Tex. Civ. App.) 180 S. W. 899; Wrather v. Parks (Tex. Civ. App.) 227 S. W. 518 (3); Commonwealth, etc., Co. v. Meeks (Tex. Civ. App.) 187 S. W. 684. But it is now well settled that fraud in procuring the subscription contract is not a good defense where the suit is for the benefit of creditors whose rights accrued after the organization of the corporation, based on such subscription contract. Thompson v. First State Bank, 109 Tex. 419, 211 S. W. 977; Id. (Tex. Civ. App.) 189 S. W. 116; Davis v. Burns (Tex. Civ. App.) 173 S. W. 476 (writ of error denied); McWhorter v. First State Bank (Tex. Civ. App.) 182 S. W. 684. The fact of the organization under the laws of Arizona might in any event be a good defense to a suit brought by the receiver on the subscription contract if there had been no settlement of such contract by the execution of the note. By the terms of the subscription contract the plaintiff contracted to take stock in a Texas corporation, and, if he had done nothing more than this, it seems to us that there would be no basis for assertion of liability to pay for stock in an Arizona corporation. See authorities above. But the matter proceeded further than this: The subscription contract was settled by making a cash payment and execution of the note as therein provided. This note was used in the organization of the company as a part of its capital stock and shares of stock issued and delivered to plaintiff who thereafter acted as a stockholder for a number of years. These facts, we think, bring him within the effect of the decisions last above cited.

[3] But it is urged by appellee that before plaintiff can be cut off from urging a defense which would be good against the corporation, the receiver must show that the debts were created after plaintiff became an ostensible shareholder, the amount thereof, and such other facts as may be necessary to determine the extent of plaintiff's liability to the creditors, and in this connection it is contended that the receiver did not allege or prove such necessary facts. It is true that there are no specific allegations or proof of the facts as to the creation of indebtedness and the amount thereof, etc., except as these facts are to be inferred from allegations and proof of the fact that the district court of Tarrant county on September 18, 1915, adjudged that the corporation was insolvent and that its liabilities exceeded its assets. The judgment of the district court in the receivership case is, in our opinion, sufficient to establish the insolvency of the corporation and the necessity of collecting all amounts due for capital stock. Cole v. Adams, 19 Tex. Civ. App. 507, 49 S. W. 1052; Rich v. Parks (Tex. Civ. App.) 177 S. W. 184; Mathis v. Pridham, 1 Tex. Civ. App. 58, 20 S. W. 1022 (4); Bartow v. Nix, 15 Wash. 563, 46 Pac. 1033; Lehman v. Glenn, 87 Ala. 618, 6 South. 44; Great Western Telephone Co. v. Gray, 122 Ill. 630, 14 N. E. 214; Fletcher's Cyc. Corp. § 4120. See, also, McWhirter v. First State Bank (Tex. Civ. App.) 182 S. W. 682. It would be obviously impossible, until toward the close of the receivership proceedings, to estimate with any exactness the amount that would be finally realized on the assets of the defunct corporation and the amount of its liabilities, and it would be impracticable to require such an accounting in suits brought by the receiver, in an effort to realize on the assets. We have no doubt that in the receivership case proper the plaintiff might before final settlement have an adjudication of any equities and refund of any money paid by him if it would be made to appear that the collection from him was unnecessary to pay the claims of creditors. Debts could not have been cre-

ated by the corporation prior to its organization. So we think that the facts stated, considered in connection with the judgment in the receivership case above referred to, necessarily show that this action is taken for the benefit of creditors, whose claims originated after plaintiff became ostensibly a shareholder in the corporation and liable for the payment of his note given as part of its capital.

[4, 5] But the receiver was not entitled to judgment for the reason that the note was in the possession of persons outside the jurisdiction of the court not parties to the suit and who evidently ·held possession under some claim of right thereto. Dillard v. McAdams (Tex. Civ. App.) 141 S. W. 1023; 8 C. J. 821, note 85. For the same reason there is a want of necessary parties to the proceeding to cancel the note and deed of trust. Jones v. Abernathy (Tex. Civ. App.) 174 S. W. 682; Jones v. Nix (Tex. Civ. App.) 174 S. W. 685; Crawford v. Aultman, 139 Mo. 262, 40 S. W. 952; Chandler v. Ward, 188 Ill. 322, 58 N. E. 919; Black on Rescission & Cancellation, § 661.

Neither party is entitled to judgment under the facts presented by the record, and the judgment will be reversed, and the cause remanded.

KLETT, J., not sitting.